## Brock *versus* Berry.

In a tenancy *at sufferance*, of a house and its lot, the landlord is chargeable in trespass *quare clausum*, if he enter by force to the injury of the tenant or his family, even after two months verbal notice to quit.

Trespass quare clausum, commenced in the Municipal Court. In the District Court, Cole, J., a motion was made, that the writ be abated, because the statute form was not pursued, inasmuch as the words, " *and for want thereof to take the body* of the said" Berry " and him safely keep so that he may be had," were omitted. The motion was overruled.

The general issue was then pleaded. Plaintiff introduced the deposition of Susan Fuller, an inmate of his family, and there rested his case. The deposition stated, in substance, *that* the plaintiff with his family, was occupying a house in Portland ; *that*, in his absence, the defendant came to the house, and said he should take out the windows ; *that* the wife and child of the plaintiff were sick ; *that* that fact was told to defendant by said Susan Fuller, who forbade his removing the windows ; *that* the defendant then took out two or three windows from the room, occupied by the plaintiff 's wife, and one from the bed-room.

The defendant then offered to prove, *that* he was the owner of the house with its lot ; *that* he had rented it by parole, to the plaintiff by the month ; *that* plaintiff paid the rent at the end of the first and of the second months, and at the end of the third paid a part of that months rent ; but had never paid any thing further ; *that* plaintiff continued to occupy, as tenant at sufferance, about four months longer and up to the time of the alleged trespass ; *that*, at several times, (at least two months prior to the alleged trespass,) he requested the plaintiff to leave the house and yield up the possession to him.

The Judge ruled that those facts, if true, would not constitute a legal defence. But by agreement they are to be considered as proved, for the purposes of the decision of this cause. If they constitute a defence, or if the writ ought to

Brock *v.* Berry.

have been abated, the plaintiff agrees to become nonsuit. Otherwise, defendant agrees to be defaulted, with judgment for plaintiff for four dollars damage. The case came into this court upon the following certificate signed by the District Judge : —

" It having happened, in the trial of this cause, that questions of law have arisen, the undersigned Justice of said court, with the consent of the parties, has drawn up this report of the case, presenting the legal points for decision, and the stipulation of the parties relative to the disposition of the case."

SHEPLEY, C. J. — This case is submitted upon a deposition and certain agreed facts. In cases reported here from the District Court, for the decision of legal questions, the questions ought to be specifically stated. That has not been done. Unless both parties waive the irregularity, the case cannot properly proceed.

The irregularity was waived.

*John A. Poor,* for plaintiff.

1. The defendant had not terminated the lease. The relation of landlord and tenant still subsisted. Mere neglect to pay the rent would not determine the tenancy. Thirty days notice in writing was necessary. None such had been given. It is fairly to be presumed that though verbally requested to quit, yet the plaintiff was authorized to remain, upon some new promise to pay. R. S. c. 95, § 19 ; *Moor* v. *Boyd,* 24 Maine, 242 ; *Wheeler* v. *Cowan,* 25 Maine, 283 ; *Meader* v. *Stone,* 7 Metc. 147.

2. Defendant did not enter to terminate the lease, but merely to commit a trespass. He made no avowal of his intent. He did not take possession. Plaintiff's family were still left in the house.

3. Plaintiff could not be turned out with violence, except by legal process. A man's house, he being in by right, is his castle. This is not like the cases, sometimes spoken of, where a possession is taken peacefully by the landlord. De-

fendant had no right to enter with violence, especially against protestation. *Wheeler* v. *Cowan*, 25 Maine, 283.

4. Even if defendant's entry could be considered lawful, his refusal to allow a reasonable time for plaintiff to remove his family and goods, renders him liable, and in this form of action. *Davis* v. *Thompson*, 13 Maine, 209 ; *Moor* v. *Boyd*, *supra*.

*True*, for defendant.

1. The writ ought to be abated.

2. The plaintiff had no right in the house. He was there by his own wrong. The letting was by the month. By the plaintiff's neglect to pay at the end of the third month, the contract was ended, and his subsequent holding was unlawful. *Hyat* v. *Wood*, 4 Johns. 150 ; *Wilde* v. *Cantellon*, 1 Johns. Cas. 123. By such holding, the plaintiff became mere tenant at sufferance. 4 Kent's Com. 116—118. In a tenancy at sufferance, the landlord may *peaceably* enter at any time ; and, on allowing reasonable time after the entry, or after requesting tenant to quit, he may do any acts of ownership.

He cannot be sued for acts done to his own house, even if to make it untenantable. *Harris* v. *Gillingham & al.* 6 N. H. 11.

But, if plaintiff was tenant at will, the requisite notice to quit had been given, and the plaintiff might be expelled by force. 3 T. R. 295; 13 Johns. 236; 7 T. R. 431; 1 Bing. 158; 13 Pick. 39; 1 Strobhart, 313; 7 Iredell, 496; 2 Greenl. Ev. § 618; 13 Maine, 209, 216; 24 Maine, 247; 12 Metc. 302; 2 Metc. 29; 3 Metc. 350; 10 Metc. 223, 298; Co. Litt. 57, b.

The charge of exposing the health of the family is not proved; but if proved, a recovery for it cannot be had by *quare clausum*, if the entry was justifiable.

*Poor*, for plaintiff, in reply.

Whether in tenancy at will or at sufferance, there are but two ways to terminate it ; one by written notice, the other by a peaceable reinstatement of the landlord into the possession. Neither of these courses was taken. 7 Metc. 147. Neglect to pay rent does not determine the tenancy.

HOWARD, J., orally. — We hold, with the District Court, that the motion to abate the writ was too late.

The facts tend to show that the tenancy was at will; but the parties have agreed it was *at sufferance*. The owner, then, had no right to enter by force. The tenant was entitled to reasonable time in which to remove, and might stay till removed by legal process. The owner had a legal remedy; he adopted an illegal one.                    *Action sustained.*