Raphael Simmons *vs.* Egbert A. Thompson et al.

In General Term—February 1855.

Before Judges STORER, SPENCER, and GHOLSON.

### RAPHAEL SIMMONS *vs.* EGBERT A. THOMPSON et al.

Where a tenant of a room, or store in a block of buildings, holds over his term after notice to quit, and the landlord tears down the residue of the block, so as to render it unsafe for the tenant longer to remain, whereby he is obliged to vacate the premises and remove his goods, the landlord is not a *trespassser*, nor amenable to damages for an injury sustained by the tenant, in his business or to his goods, from the removal.

In such case, after the tenant has removed his goods, leaving a few articles only of insignificant value, with a pile of rubbish, upon the premises, by way of retaining his possession, the landlord has a right to enter the premises forcibly, and remove the goods, doing no wanton or unnecessary damage.

This was a petition in error to reverse a judgment rendered by STORER, J. at Special Term, in an action brought by the present plaintiff, to recover damages for an alleged trespass committed by the defendants, in forcibly entering upon certain premises, (situated in Cincinnati,) in possession of the plaintiff, and evicting him and his goods therefrom.

Upon the trial of the original cause, it appeared in evidence, that at the time of the alleged grievance the plaintiff was occupying a small room as a cigar store, on the ground floor of a block of buildings owned by two of the defendants, Thompson and McArthur, who had purchased from Jonas on the 11th day of December, 1853. The plaintiff had gone into possession under Wheeler, then a tenant of Jonas, and whose term had expired in said month of December. Proof was offered by the plaintiff, that he had made a verbal contract with Jonas, prior to the defendants' purchase, by which he was to continue in the possession of the premises, (*then occupied by him,*) for

more than a year then next following; whilst on the part of the defendants it was proven, that no such contract had been made with Jonas, nor any other by which the plaintiff was permitted to remain in the premises, after the expiration of Wheeler's term. In the spring of 1854, the residue of the building having been vacated by the other occupants, the defendants gave the plaintiff notice to quit, preparatory to tearing down the house, for the purpose of rebuilding it. The plaintiff refused to leave, continuing business as before. Thereupon, the defendants commenced tearing down the residue of the building, and when they had reached the walls of that portion of it which was occupied by the plaintiff, the latter, deeming it unsafe to remain longer in possession, quitted the premises with all his stock; but, by way of retaining possession in law, left therein a box, containing *bricks and hay*, and part of a barrel of salt, of no special value. After the room was thus vacated, the defendants took forcible possession of, and tore it down, with the residue of the building; what became of the salt and stubble, did not appear; nor was any proof offered that the plaintiff had sustained injury in his goods or business, other than by his *removal;* or that the defendants had neglected proper care in taking the building down.

In this state of case, the Court charged the jury, among other things, "if they should find that the plaintiff's term "had expired, and he had no right to the possession of the "room in question, the defendants had the right, as owners "of the entire building, to enter and take possession "thereof, and would not thereby be trespassers, unless they "had used more force than was legally necessary for that "purpose." The jury found a verdict for the defendants,

upon which judgment was rendered : and to reverse which, the present petition was filed.

The error assigned was, the misdirection of the Court to the jury, in its charge, above set forth.

SPENCER, J. delivered the opinion of the Court.

The only part of the case, to which the charge could properly be applied, was the forcible entry by the defendants into the premises, after they had been vacated by the plaintiff, and removing some *rubbish*, left there by the plaintiff for the sole purpose of retaining his unlawful possession ; in the doing of which no harm was occasioned the plaintiff, unless the mere *forcibly breaking and entering into the premises*, constituted such harm. Upon a careful examination of numerous cases on this subject, both English and American, we have not found one in which it has been held, that a person having the right of possession to land entered upon by another, or kept from him unlawfully by a tenant holding over, might not enter and take possession, using as much force as should be necessary for that purpose ; provided that, in so doing, he committed no act amounting to a breach of the peace, or leading directly thereto. And in all cases, where an action has been sustained in favor of the party thus entered upon, either he himself, or some person in his behalf, has been *personally* in possession of the premises ; or his goods have been removed in such manner, as to occasion them *special* damage ; and thus caused the other party to be regarded as a trespasser *ab initio*. Such is the character of all the cases cited, in argument, by the plaintiff's counsel. Thus, Hillary *vs.* Gay, 6 *Car. & P.* 284, was one where the defendant having decoyed the plaintiff from

the house, procured *a party of Irishmen* to enter it, who turned the plaintiff's wife out of doors, and threw his furniture into the street. Martin and wife *vs.* Hewland, 1 *Man. & Gr.* 644, was trespass for an *assault and battery* upon the plaintiff's *wife*, under similar circumstances. Perry *vs.* Fitzhowe, 55 *Eng. C. L.* 757, was trespass for pulling down and demolishing the plaintiff's house, when he and his family were in its actual occupancy. The Court holding, that such conduct *inevitably* tended to a *breach of the peace*, and that a party ought not to be allowed "to pursue his remedy at such risks." Rex *vs.* Wilson, 8 *T. R.* 360, was an *indictment* against twelve men for a *breach of the peace*, in forcibly entering a certain mill, &c., and *expelling the procurator*. And, Brook *vs.* Berry, 31 *Maine* 293, was a case where the plaintiff's wife was sick in the house, when the defendant entered, and took some of the windows, &c., from the house, after having been forbidden so to do; thereby greatly exposing the person of the plaintiff's wife. In all these cases, it will be seen, that the conduct of the defendant was such as either amounted to a breach of peace, or inevitably tended to its commission.

On the other hand, in Turner *vs.* Weymoth, 8 *Eng. C. L.* 280, the plaintiff was a tenant holding over, after notice to quit; though not in the personal occupancy of the premises, he had retained them with his furniture under lock and key; the defendant, (his landlord,) broke open the house with a crowbar, and removed the furniture. Held, that trespass would not lie, the Court citing with approbation the case of Taunton *vs.* Astor, 7 *T. R.* 421, as in point, to show that under such circumstances, the landlord had a right to enter, and should not be driven to his action. So, in Whitney *vs.* Smith, 2

*Foster*, (N. H. Rep.) 13, where the plaintiff had left the personal occupancy of the premises, but still kept part of his furniture there, it was held that the defendant, having the right of possession, might enter and remove the plaintiff's goods from the premises, "*doing no unnecessary harm*;" but if it should appear that he *wantonly abused* the goods, he might be regarded as a trespasser *ab initio*.

There are several American cases, indeed, going far beyond some of these, in which Courts of the highest authority have held, that a party entitled to the possession of land, might justify an entry upon it, even though his adversary were in its *actual* possession, and the removal of him, or his goods, should tend to a breach of the peace.

Thus, in New York, Hyatt *vs*. Wood, 4 *Johns*. 149, it was held that the owner of land, entitled to its possession, might enter *by force*, against a wrongdoer, or tenant holding over, and oust him. And though he might be *indicted* for a breach of the peace, he would not be liable in trespass, "*quare clausum*."

So, in Pennsylvania, Overdeer *vs*. Lewis, 1 *Watts & Serg*. 90, where a landlord, without previous notice to quit, entered upon his tenant holding over, and ordered him out *forthwith*; persisting in his demand of *immediate possession*, although the tenant offered to leave the next day; and commenced removing the tenant's goods himself, breaking and injuring some. The Court said "that the landlord had a right to put the tenant out *at once;* by *night or by day;* and even from motives of *caprice;*" with this limitation however, that he used no greater force than was *necessary*, and did no *wanton damage*—since, "a tenant at will is bound to remove his property on request, without regard to his own convenience."

And in Massachusetts, Moore and wife *vs.* Stone, *et al.* 7 *Metc.*, 147, where the plaintiff Moore was a tenant, holding over his term; during his absence from home, the defendant, (his landlord,) came with others, broke into the house, took off the doors, went to the chamber of the plaintiff's wife, who was sick in bed, took out a window, as well as the door from its hinges, and let in a current of cold air upon the wife. Chief Justice Shaw, in pronouncing the opinion of the Court, said, (page 157,) " however, such an entry *by force* might subject the land- "lord to penalties for a breach of the law, it confers no "right of action on the tenant, thus holding without any "right of possession." See also, 13 *Pick.* 39.

It is wholly unnecessary to consider now, whether the Court would be inclined to go 'the full length of the rule laid down in these latter cases ; or whether indeed, these cases may not be well reconciled with the others cited, by considering the different forms and purposes of each. Sufficient it is, that they all warrant us in sustaining the rule to the extent laid down by the Judge in his charge to the jury upon the trial at Special Term, and as properly applicable to the facts in proof.

But it seems to be considered by the plaintiff's counsel that the present is analogous to the case of Perry *vs.* Fitzhowe *ubi sup.* where the defendant commenced tearing down the plaintiff's house, thereby forcing him to leave it; and that the charge of the Court, as applicable to such a case, was erroneous. Although there may be some shades of *resemblance*, there is a striking difference in fact, between the two cases. *There*, the defendant went upon the premises in the *actual* occupany of the. plaintiff, *owned* by him, (but a small portion thereof being

upon the land of the defendant,) and commenced tearing them down, whereby the plaintiff, for his own safety, was compelled to move from *his own part* of the premises. *Here* the defendants, instead of going upon the premises occupied by the plaintiff, and in part owned by him, went upon those adjoining, which they had a right to remove, and by tearing them down, rendered it, (as was claimed,) so unsafe for the plaintiff to remain in the place *unlawfully held by him,* that he was compelled to remove. Now we cannot perceive how the plaintiff could have maintained an action, for an injury to his business and goods, occasioned, not by any direct trespass of the defendants, nor by any nuisance *as such,* created by them, in demolishing the adjoining premises, but by his *removal* from a possession, which in law he was bound to make. Nevertheless, if his right of action could be admitted on the latter ground alone, he was not in anywise impeded or hindered by the charge of the Court, excepted to. That charge had reference to the actual entry made by the defendants upon the premises;—an act entirely distinct from, and subsequent to, that by which the plaintiff was compelled to remove; and if the charge did not allude to this, it had no particular bearing upon the case: for this was the only entry proved or complained of on the trial. The tearing down of the adjacent building was no *entry* upon, nor *trespass* to, the plaintiff's possession.

We find no error in the record at Special Term, and therefore the judgment will be affirmed.

MINER & OLIVER, for plaintiff.

E. A. THOMPSON, for defendant.

N. B.—GHOLSON, J. having been of counsel for plaintiff, did not sit in the case.