No. 876

RATNOUR et v. FISSELL.

Ohio Appeals, 1st Dist., Hamilton Co.
No. 3046. Decided July 18, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

703. LANDLORD AND TENANT—Failure of tenant to vacate, upon service of notice, does not warrant landlord removing roof from building. Landlord liable for damage to furniture.

Error to Trial Court.
Judgment affirmed.

Joseph L. Meyer, Cincinnati, for Ratnour, et.

C. S. Sparks and D. T. Hackett, Cincinnati, for Fissell.

FULL TEXT.
PER CURIAM.

Defendant in error, Minnie Fissell, brought an action against Ratnour and Vandt, for damages caused to furniture and household goods. Fissell had occupied a certain building as a tenant for about eight years. On April 27th, the owners served notice on the tenant to vacate the premises. A similar notice was served on May 3rd. May 10th, following, the owners removed the roof from the building, and this action was prosecuted to recover damages to property due to that act.

The Court entered judgment on the jury's verdict for the plaintiff, and this action is prosecuted to reverse that judgment.

Section 10449 General Code authorizes an action in forcible entry and detainer, when the tenant refuses to vacate premises.

Section 10451 General Code requires that notice shall be served three days before instituting an action. The owners of the premises took the law in their own hands by proceeding contrary to the provisions of the statute.

The judgment of the Court below will be affirmed.

(Hamilton, PJ., and Cushing, J., concur.)

# SYLLABI

No. 877

RAILWAY MAIL ASSN. v. WEIR

Ohio Appeals, 6th Dist., Lucas Co.

P. R. Taylor and C. K. & S. M. Freidman, Toledo, for Mail Assn.

Fraser, Hiett, Wall & Effler, Toledo, for Weir.

555. FRATERNAL ASSOCIATION.—647. Insurance.

CULBERT, J.

1. Where application for membership in fraternal benefit association provided that it shall be subject to constitution and by-law now existing or hereafter enacted, association had right to amend its by-laws after insured became a member so as to subject insured and beneficiary to amended by-laws.

2. In action under benefit certificate pro-

viding that association shall not be liable for death when disease or bodily infirmity is contributing cause of death, and unless accident alone resulted in visible external marks of injury on body of insured, evidence showing that insured was suffering from diseased condition of the aorta, resulting in formation of plaques before automobile accident, and that such diseased condition was contributory cause of death, of insured, receiving no visible injury from collision, precluded recovery under policy.

(Richards and Williams, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.