## STANLEY v. GUSTIN et.

Ohio Appeals, Second District, Montgomery County.

No. 2015. Decided December 10, 1948.

Oldham & Oldham, Carl W. Norman, Dayton, for plaintiff-appellee.

Jerome T. Miller, Dayton, for defendants-appellants.

### OPINION

By MILLER, J.

This is a law appeal from a judgment of the Court of Common Pleas of Montgomery County. The action was one for damages brought by a tenant against the landlord for forcibly evicting the tenant. A jury trial was had which resulted in

a verdict for the plaintiff. The judgment was duly entered and the appeal is from this judgment.

The record discloses that Florence M. Stanley, the plaintiff-appellee, rented a one room furnished apartment from the defendants-appellants, Mabel K. and George V. Gustin. The apartment was occupied by her as a home. Later certain differences arose between the parties which resulted in a notice being given to the plaintiff to vacate at the end of her rental period. The sufficiency of the notice was not disputed and the trial court instructed the jury that the plaintiff's term had expired. Upon the failure of the plaintiff to vacate the apartment at the end of the term and in accordance with the notice previously given. the defendants went to the plaintiff's apartment and receiving no response to the alarm given at the door, forcibly entered the same by breaking the lock on the door. The apartment was occupied by the plaintiff at the time of the entry, and in her presence the defendants removed all of her belongings from the apartment. She offered no resistance other than to refuse admittance to the defendants.

The first alleged error is in the refusal of the Court to give three special charges to the jury, all to the effect that the defendants might re-enter and might repossess the property by the use of such force as may be necessary provided that in so doing no act was committed amounting to a breach of the peace. It is stated in **24 O. Jur. Section 493, p. 1250,** that while the . Ohio cases are not entirely consistent, the great weight of authority supports this view. One of the cases cited as authority is that of Simmons v. Thompson, 1 Handy 521, 12 Ohio Dec. 268, wherein it is said:

"Upon a careful examination of numerous cases on this subject, both English and American, we have not found one in which it has been held that a person having the right of possession to land entered upon by another, or kept from him unlawfully by a tenant holding over, might not enter and take possession, using as much force as should be necessary for that purpose; provided that, in so doing, he committed no act amounting to a breach of the peace, or leading directly thereto. And in all cases where an action has been sustained in favor of the party thus entered upon, either he himself or some person in his behalf, has been personally in possession of the premises, or his goods have been removed in such manner as to occasion them special damage, and thus caused the party to be regarded as a trespasser ab initio."

It will be noted that the Court said the actions by the tenant have been sustained where "he himself or some person in his behalf, has been personally in possession of the premises". The facts in the case at bar are the same in this regard. We are of the opinion that the forcible breaking and entering of the plaintiff's apartment while in her actual possession, all of which is admitted by the defendants, constituted a breach of the peace as a matter of law, and the Court properly rejected the special charges even though the principle of law was correctly pronounced. This, however, we are not required to decide.

The most recent case we have been able to find on this proposition is that of **Ratnour v. Fissell, 5 Abs 795,** which holds that §10449 GC authorizes an action in forcible entry and detainer when the tenant refuses to vacate; that the statute must be followed and any other procedure to regain possession of the premises would result in taking the law in one's own hand and therefore be illegal. Should this pronouncement of the law be correct, again the special requests were properly refused.

The only other error assigned by the appellants which is covered in their brief is that the court erred in permitting two witnesses from the office of Rent Control to refuse to answer certain questions concerning complaints made to their office by the plaintiff for the reason that their records were confidential and private. Regardless of the admissibility of these records we cannot say that their rejection constituted prejudicial error. Clearly, they would not alter the remedy possessed by these defendants in order to regain possession of their property. Neither could they be the basis for damages alleged under the first cause of action in the cross-petition. The record discloses that the plaintiff made a number of reports to the office of Rent Control but none of which were acted upon to the detriment of these defendants. The actual contents of the report, therefore, do not become pertinent.

We find that the trial court committed no prejudicial error in rejecting this testimony. We find no error in the record and the judgment is affirmed.

WISEMAN, PJ, and HORNBECK, J, concur.