# Wickham, Appellant, *v.* Sutton.

*Adverse possession—Title—Evidence—Trespass q. c. f.*

. A claim of title by adverse possession to a tract of unimproved woodland adjoining a tract of land on which the claimant resides and to which he has title by deed, cannot be sustained by evidence merely that he cut firewood from time to time, took some timber from the land, and made a road thereon to enable him to remove the timber.

Argued Feb. 26, 1907. Appeal, No. 36, Jan. T., 1907, by plaintiff, from judgment of C. P. Luzerne Co., May T., 1905, No. 160, on verdict for defendant in case of Charles L. Wickham v. Leo A. Sutton and William H. Freeman. Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass quare clausum fregit. Before STAPLES, P. J., specially presiding.

The court charged in part as follows :

This is an action of trespass brought by the plaintiff in this case against the defendants, primarily to recover damages for an alleged injury done to the land which the plaintiff claims he owned or had the title to, and, as you can easily understand, the real contention in this case is the question of title.

[The plaintiff, being the actor or having brought this suit, it devolves upon him to show a title and the right of possession to the land over which this contention arises, and unless he establishes that, or has established that by clear and positive evidence, his claim must fail.] [2]

[He has alleged that he obtained title to this land in two ways. One by a paper which was offered in evidence which, as the court remembers, was admitted for what it is worth, and which is a kind of a statement or agreement with reference to a tract of land, the paper having, as the court remembers it, no date. Nor was the time of the execution of the instrument shown ; and, unexplained by other testimony, there is nothing in the paper itself which would show title to this land. The court holds that that paper in itself is insufficient to show

title or right of possession and ownership to this tract of land
in contention between the plaintiff and the defendants. The
plaintiff, however, relies upon another kind of ownership, that
of adverse possession. He claims that he had had the full and
exclusive possession of this tract of land for more than twenty-
one years at the time the trespass was committed. If he has
sustained that contention by clear and positive evidence, then
the defendants in this case would have been trespassers, and
the plaintiff would be entitled to recover.] [3]

The evidence, as the court remembers it, was to the effect
that this piece or tract of land in dispute was unimproved,
wild land up on the mountain side ; that it adjoined a piece
of land for which the plaintiff had a deed from the owner of
both tracts of land, Furman Taylor. [In order that a person
may sustain the right to ownership by adverse possession, it
must be open, notorious, visible, hostile, peaceable, continuous
and exclusive. Has the plaintiff in this case shown any such
possession ? Under the ruling of our Supreme Court, where
a piece of land is unseated, unimproved, wild or timber land,
this adverse possession must either be by residence without
cultivation, or residence and cultivation, or cultivation with-
out residence. As the court remembers the testimony, there
was no residence by the plaintiff upon this tract of land, there
was no cultivation of it, nor was there cultivation and resi-
dence. It was not fenced, nor was there such an exercise of
actual possession as would bring it within either one of the
definitions just given to you as to the cultivation or residence.
The plaintiff has testified that he had this property in posses-
sion, the acts of possession being that he cut firewood or wood
a number of times upon the tract, that he cut timber for his
house and, as the court remembers it, cut some railroad sills
and hauled them off. You will remember, probably, better
than the court, all the details of this testimony, and, if the
court has made any misstatements, you will correct them in
your own minds, but that is the way the court remembers the
testimony, and we say to you that, in itself, is insufficient to
sustain this claim to adverse possession for a period of twenty-
one years. There is some testimony that a road was put through
this land. If that road was made simply for the purpose of
occasionally going upon the tract and hauling away timber or

firewood or wood, that, of itself, would not be such fact as would give possession. It must be upon the lines as laid down to you by the court. Therefore, in order that you should find a verdict in favor of the plaintiff, it would be necessary that you should find, by clear and positive evidence, that he had adverse possession of this tract of land for a period of twenty-one years previous to the trespass, and that it had been continuous ; not that he had occasionally gone upon the land and taken off wood, or occasionally gone upon the land and taken off timber, but that he had used this piece of land all along down through these years, continuously, and that he had used it exclusively, and unless you find those facts from the evidence you cannot find a verdict in favor of the plaintiff.] [4]

Upon the part of the defendants, they have offered testimony to the effect that this piece of land was purchased of the same person from whom the plaintiff claims—Furman Taylor—and they have produced before you the partition proceedings of the heirs of Furman Taylor, which resulted in a sale to the defendants, and also the deed. We say to you in this connection that if you believe the evidence as offered with regard to the defendants' title, that the mere fact that they did not have the deed in their possession until March 24, this trespass having taken place on March 2, would not entitle the plaintiff to a verdict in this case unless he established adverse possession as stated to you by the court. As the court remembers the testimony, there is no such evidence of possession in this case as would warrant a verdict at your hands upon the ground that the defendants in this case were wrongdoers. They had paid a part of the purchase money upon this piece of land, and there was no evidence offered that the persons who were concerned in the partition proceedings had objected to their entering upon the land, and we say to you that unless the plaintiff's testimony comes up to the rule as laid down by the court, with regard to adverse possession, the fact that these defendants came upon this land or entered upon it before they received their deed, would not entitle the plaintiff in this case to a verdict, simply upon the ground that they were wrongdoers. [The defendants have also called a number of witnesses for the purpose of showing what they alleged to be

a concurrent possession. Even if it should be admitted for the sake of argument that timber had been cut upon this piece of land, and ties cut and taken away and wood taken away by Wickham, yet, if the defendants should show concurrent possession by either Furman Taylor or his heirs, during this same period of time, that would be sufficient to defeat the claim of the plaintiff of adverse possession for a period of twenty-one years. Concurrent possession is where the person who claims the right to the property by adverse possession exercises rights of ownership over the tract and during the same period of time—that is, during the same period of years—the actual owner of the title to the land also exercises rights of ownership over it. In other words, as an example, if the plaintiff cut timber upon the land, and if Furman Taylor, the owner of the land, or his heirs, cut timber on the land during the same period of years, that would be exercise of concurrent possession, and if there is concurrent possession—if you believe the testimony of the defendants upon that point—that of itself would be sufficient to defeat the rights of the plaintiff, and he cannot recover.] [5]

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* among others were (2–5), above instructions, quoting them.

*A. Ricketts,* with him *Alex. Ricketts,* for appellant, cited : Ament v. Wolf, 33 Pa. 331 ; Hastings v. Wagner, 7 W. & S. 215 ; Carter v. Tinicum Fishing Co., 77 Pa. 310 ; Hasson v. Klee, 181 Pa. 117 ; Jenkins v. McMichael, 21 Pa. Superior Ct. 161 ; McReynolds v. Longenberger, 57 Pa. 13 ; Douglas v. Irvine, 126 Pa. 643.

*R. Laura Cannon,* for appellee, cited : McArthur v. Kitchen, 77 Pa. 62 ; Miller v. Shaw, 7 S. & R. 129 ; Royer v. Benlow, 10 S. & R. 303 ; Robb v. Mann, 11 Pa. 300 ; Whitney v. Backus, 149 Pa. 29 ; Wolf v. Wolf, 158 Pa. 621 ; Enterprise Transit Co. v. Oil Co., 20 Pa. Superior Ct. 127 ; Wilkinson v. Connell, 158 Pa. 126 ; Olewine v. Messmore, 128 Pa. 470; Hole v. Rittenhouse, 37 Pa. 116 ; Ewing v. Alcorn, 40 Pa. 492; Irwin v. Patchen, 164 Pa. 51.

OPINION BY HENDERSON, J., April 15, 1907:

The plaintiff acquired title to twenty-seven acres and ninety-four and one-half perches of land, part of a tract belonging to the grantors, by deed from Thomas Taylor and others in 1872. Part of this land was improved and part wooded. The trespass complained of was on a piece of uninclosed and unimproved land adjoining the twenty-seven acres and ninety-four and one-half perches. The plaintiff claimed to have bought this additional land from one F. V. Taylor and a paper was offered in evidence in support of the claim, purporting to have been signed by F. V. Taylor. The paper was in the following form: " This is to show that I agree to allow the tract of land sold to Charles L. Wickham to extend parallel with the east and west lines running north and south across the Robert Gray tract, that is, my right and title of such lands. F. V. Taylor." When objection was made to the admission of this evidence the plaintiff's counsel stated: " We do not offer this as evidence of the land, but simply as corroborative evidence of Mr. Wickham's title." The paper was not dated, no consideration was recited and there was not sufficient evidence of its execution. It is without words of conveyance and contains an obscure description of the land to which it refers. F. V. Taylor was dead at the time of the trial. The paper was admitted in evidence by the trial judge apparently upon the theory that it was in corroboration of the plaintiff's claim of title by adverse possession. It was evidently not relied upon by the plaintiff as a grant of land, for his attorney when offering it said it was simply corroborative evidence of the plaintiff's title. It was necessary, therefore, to resort to the claim of title by adverse possession, for, although the learned counsel for the plaintiff insists in his argument that the plaintiff claims by purchase, there is an entire absence of evidence to show any title acquired in that way. An attempt was made to show such occupancy as would give title by adverse possession. The evidence on that subject was that the plaintiff cut firewood from time to time, took some timber from the land and that he made a road thereon to enable him to remove the timber. Fences were not built, the land was not cultivated, nor were any permanent improvements made. There was neither possession by residence nor by cultivation. The place of the trespass was

not within the boundaries of the twenty-seven acres and ninety-four and one-half perches bought by the plaintiff, and actual possession was necessary within the lines of the additional land claimed by the plaintiff in order to acquire title thereto. Residence by the plaintiff on the twenty-seven acre lot did not draw to it possession of land not part of that tract and would not be notice that the plaintiff claimed beyond the boundary of what he had bought: Miller v. Shaw, 7 S. & R. 129; McArthur v. Kitchen, 77 Pa. 62. The evidence was not sufficient to sustain the plaintiff's claim and the court might have so instructed the jury. It is not important, therefore, whether the record of the partition proceeding offered by the defendants was admissible or not. It did show, however, that the defendants were on the land under a claim of right, they having bought it at a partition sale of the real estate of F. V. Taylor. It is true the deed had not been delivered to them, but the sale was confirmed and part of the purchase money paid nearly a month before the trespass was committed. The defendants were on the premises, therefore, under a claim of title.

The judgment is affirmed.