Delaware and Hudson Canal Company, Appellant, *v.* Augusta G. Genet.

*Act of June* 10, 1893—*Construction—Petition and answer—Issue—Coal lease.*

Under the second section of the act of June 10, 1893, P. L. 415, entitled " An act to provide for the quieting of titles to land," the facts required to be set forth in the petition, and found by the court to be true, are the petitioner's possession and the adversary's denial of his title.   When these appear the issue is to be awarded, and if it turns out at the trial that the dispute is not over the facts, but over the law arising from them, this will not affect the remedy, but, the right to the issue having been shown by the possession and the denial of title, the issue will go on to trial, and the judge will direct a verdict on the law as in other cases.

Where the claim, however, is not to the land or its possession, but only to a part of the product, as e. g. coal, after it has been severed and becomes personalty, or to the duty to account and pay royalties for coal after it shall have been mined, the act does not apply, and the issue in such case will be refused.

Argued Feb. 26, 1895.   Appeal, No. 161, July T., 1894, by petitioner from the order of C. P. of Lackawanna Co., Sept. T., 1893, No. 327, refusing an issue prayed for under the second section of the act of June 10, 1893.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.   Affirmed.

Petition for an issue under the second section of the act of June 10, 1893, P. L. 415.   Before EDWARDS, J.

The facts sufficiently appear from the following opinion of the court, refusing an issue.

" The proceedings in this case are under the act of June 10, 1893, P. L. 415, entitled, An act to provide for the quieting of titles to land, the second section of which provides, inter alia, as follows :

" ' When any person or persons, natural or artificial, shall be in possession of any lands or tenements in this commonwealth, claiming to hold or own possession of the same by any right or title whatsoever, which right or title or right of possession shall be disputed or denied by any person or persons as aforesaid, it shall be lawful for any such person to apply by bill or petition to the court of common pleas of the county where such land is situate, setting forth the facts of such claim of title and right of possession and the denial thereof by the person or persons therein named, and thereupon the said court shall grant a rule upon such person or persons, so denying such right, title or right of possession, to appear at a time therein named, and show cause why an issue shall not be framed in said court, between the parties, to settle and determine their respective rights and title in and to said land.

" ' And, if upon the hearing of such rule, it shall appear to the court that the facts set forth in such petition are true, it shall be the duty of the court thereupon to frame an issue of such forms as the court shall deem proper between the respective parties, to settle and determine the right and title of the respective parties to said land, and the verdict of the jury in such issue shall have the same force and effect upon the right and title and right of possession of the respective parties in and to said land as a verdict in ejectment upon an equitable title.'

" The plaintiff alleges that on March 28, 1864, the defendant executed and delivered to the plaintiff a lease of all the coal under a certain tract of land in Lackawanna county ; that this lease was a conveyance in fee of the coal under said tract to the plaintiff, its successors and assigns; that the plaintiff entered upon said tract and took possession of the coal, by mining and removing the same, claiming to hold the said coal in fee by virtue of said lease, and that it is still in possession under this lease ; that the defendant, from time to time, has asserted and claimed and now asserts and claims title to said coal to be in herself, notwithstanding the execution and delivery by her of the lease of March 28, 1864, and that she denies that the said

lease was a valid and effectual deed of conveyance of all the coal aforesaid to the plaintiff.

" The defendant, in her answer, admits the execution and delivery of the instrument or lease of March 28, 1864, but asserts that it is not a deed of conveyance in fee of all the coal under said tract of land; that it is a conditional contract under which the plaintiff has certain rights and privileges, and the defendant admits that the plaintiff is in the full enjoyment of whatever title and possession it is entitled to in law by virtue of the said contract or lease.

" It is apparent that the dispute between the parties in this case is purely one of law. It involves the construction of the lease or contract of March 28, 1864. . The plaintiff claims a conveyance in fee of all the coal under a certain tract of land; the defendant denies this claim. Both parties base their contention upon the same instrument of writing. There is no dispute as to the execution or validity of this instrument. It is admitted by the defendant. The plaintiff is in possession under it. The construction of the contract or lease between these parties must necessarily be determined by the court. There are no questions of fact to be settled by a jury. And in the absence of any dispute as to facts there can be no issue framed requiring the intervention or assistance of a jury.

" Now, May 21, 1894, the rule granted in the above case is discharged and an issue refused."

*Error assigned* was refusal of the issue prayed for.

*W. H. Jessup*, *Horace E. Hand* and *W. H. Jessup, Jr.*, with him, for appellant.—The mere fact that the facts are admitted does not oust the jurisdiction of the court; it simply imposes upon the court the duty of directing the jury what verdict to render.

The act of June 10, 1893, is constitutional, and is not in conflict with article 1, section 7, of the bill of rights, which provides that trial by jury shall be as heretofore, and the right thereof remain inviolate. It is the province of a jury to determine facts, and not the law applicable thereto : Munn v. Mayor of Pittsburg, 40 Pa. 364–371.

The legislature cannot confer upon courts of equity the power

to determine legal rights without a jury: North Penna. Coal
Co. v. Snowden, 42 Pa. 488; Norris' App., 64 Pa. 275; Dun-
can v. Iron Works, 136 Pa. 478; Washburn's App., 105 Pa.
480; Ferguson's App., 117 Pa. 426, and Jennings Bros. & Co.
v. Beale, 158 Pa. 283, merely hold that when the facts are ad-
mitted by the pleadings an equity based thereon may be ascer-
tained and a decree made.

The lease was in effect a conveyance of realty, and not
merely a conditional executory agreement: Lance v. Lehigh &
Wilkes-Barre Coal Co., 163 Pa 84; Caldwell v. Fulton, 31 Pa.
475; Lillibridge v. Coal Co., 143 Pa. 293; Plummer v. Coal
& Iron Co., 160 Pa. 483; Hope's App., 33 Pittsb. L. J. 270;
s. c., 29 W. N. C. 365; Sanderson v. City, 105 Pa. 469; Kings-
ley v. Hillside Coal & Iron Co., 144 Pa. 613; Montooth v.
Gamble, 123 Pa. 240; Railroad Co. v. Sanderson, 109 Pa. 583;
Harlan v. Lehigh Coal & Nav. Co., 35 Pa. 287; Kingsley v.
Coal & I. Co., 144 Pa. 613; Fairchild v. Dunbar Furnace Co.,
128 Pa. 485; Caldwell v. Copeland, 37 Pa. 427; Scranton v.
Phillips, 94 Pa. 15; Timlin v. Brown et al., 158 Pa. 606; Miles
v. D. & H. C. Co., 140 Pa. 623; Woodward v. D. L. & W. R.
R. Co., 121 Pa. 344; Fairchild v. Fairchild, 7 Cent. Rep. 873;
Genet v. D. & H. C. Co., 136 N. Y. 593.

Title to the coal is disputed by the defendant. Petitioners
are in possession and cannot bring ejectment. The act provides
the only remedy for them.

*Everett Warren* (of the firm of *Willard, Warren & Knapp*),
for appellee.—The only question between the parties is one of
law in regard to the proper construction of the lease. Hence
the case does not fall within the act, which only contemplates
issues of fact.

The petitioner's rights under the lease or agreement are
limited to mining, removing and separating coal from slate, bone
and culm, and hence concern personal property and not land.
The case therefore is not within the provisions of the act of
June 10, 1893: Genet v. Del. & Hud. Canal Co., 136 N. Y.
593; 2 Sharswood's Blackstone, 232; Douglass v. Shumway,
13 Gray, 498; Claflin v. Carpenter, 4 Metcalf, 580; Smith
v. Surman, 9 Barn. & Cress. 561; Marshall v. Green, 1 Law
Rep. C. P. Div. 35; Sugden on Vendors, Perkins' ed. note *n*,

125, 126 ; Union Petroleum Co. v. Bliven Petroleum Co., 72 Pa. 173 ; Sanderson v. Scranton, 105 Pa. 469.

OPINION BY MR. JUSTICE MITCHELL, July 18, 1895.

We are unable to concur in the view of the court below that the petition should be dismissed because there are no facts in dispute, and the controversy between the parties is one of law only, on the construction of the contract of 1864. The act of June 10, 1893, P. L. 415, is entitled "An act to provide for the quieting of titles to land," and the second section, with which we are concerned, was intended to give a party in possession the right and the opportunity to institute a proceeding to test his title as against an adverse claimant. At common law the adversary might lie by, concealed or quiet, and choose his own time for the contest, subject only to the risk that the statute of limitations might shut him out. The party in possession could do nothing but await the attack. Equity came to his aid by bills to perpetuate testimony, to quiet title, etc., but this assistance was limited and not always adequate. In this state the act of May 1, 1881, P. L. 24, gave the party in possession the further right, as against an adversary who had once asserted his claim in an ejectment, to rule him to bring his further action, or be barred. The act of 1893 is another step in the same direction. The party in possession is no longer bound to await the attack, but may act on the offensive and bring on the battle at once. The proceeding under the act is by petition setting forth the facts of such claim and right of possession, and the denial thereof, and if the court is satisfied that the facts set forth are true, it shall award an issue, and the verdict thereon shall have the force and effect of a verdict in ejectment on an equitable title. But this does not mean that disputed facts to be passed on by a jury, are essential to the remedy. What the party in possession needs, and what the act gives him, is the right to a present adjudication of his title but not necessarily by a verdict on conflicting evidence. The facts required to be set forth in the petition and found by the court to be true, are the facts of petitioner's possession and the adversary's denial of his title. When these appear, the issue is to be awarded, and if it should turn out at the trial that the dispute was not over facts, but over the law resulting from them, this would

not affect the remedy any more than it would affect an equitable ejectment. The right to the issue having been shown by the possession and the denial of title, the issue goes on to trial on the facts and the law as in other cases.

The petition in the present case showed possession, under claim of title, and asserted, though in very vague and general terms, a denial of the title by the appellee. Prima facie it came up to the requirements of the statute, and had the answer disputed the right of possession, by denying the validity of the lease, or in any other manner, or had it set up any adverse title which the appellee could have asserted by ejectment, the right to an issue would have been complete.

But the answer raised no such controversy. It distinctly admitted the execution of the lease or contract on which appellant based its possession, and disclaimed explicitly any dispute or denial of the appellant's lawful rights thereunder. It then went on to state appellee's view of such rights, so far as regarded the coal which appellant was to own and pay for, and other coal which it asserted was not to pass to appellant but to remain the property of appellee, but which appellant had used without accounting for. That coal in situ is land, and that a lease of the entire body of coal in a tract with unlimited right of mining, etc., has been treated in our decisions as a sale of the coal as land, as elaborately argued by appellant, may be freely conceded, though the cases are very far from holding that all grants of mining rights to coal, even when unlimited, are necessarily and for all purposes to be considered sales of the land. But there was no dispute about this; the lease was admitted; the right of possession, and the right to mine the whole of the coal were not denied; there was no question of petitioner's title to the land. What was disputed was the petitioner's duty to account and pay royalty for a part of the coal, after it had been mined, and appellee's right to other parts of the coal, also after it had been mined. There was no claim to the land or to its possession, but to a part of the product after it had been severed and become personalty. It was as if a lessee farming on shares, had ruled his lessor to come into court and try a question of the division of the gathered crops. The answer of appellee set up no right which could have been asserted in ejectment, or which was within the class of adverse claims the

statute was intended to cover; nothing which could not have been asserted in a personal action for the severed coal, or for its value if it had been wrongfully sold by the appellant. The case was not within the statute, and the learned judge was right in refusing the issue.

Order affirmed