## Barr v. Willison Heirs.

*Ejectment—Rule to bring ejectment—Quieting of title—Adverse possession—Act of April 18, 1905.*

1. In a proceeding for ejectment under the Act of April 18, 1905, P. L. 202, the determination of the title to the real estate in controversy must be settled in the eventual action of ejectment contemplated by the act and not on the rule to show cause why ejectment should not be brought.

2. Where a petitioner, under the Act of 1905, admits that the heirs of a party named have an apparent interest in the land, but alleges that they have not been in possession for ninety years, and avers that he is in possession of all the land, and sets up a claim to be entitled thereto by adverse possession, he brings himself within the act and is entitled to have his rule for judgment made absolute.

Petition for rule to bring ejectment. C. P. Cumberland Co., Dec. T., 1923, No. 197.

*W. R. Johnston*, for plaintiff; *J. E. Myers*, for defendant.

BIDDLE, P. J., March 31, 1925.—This is a proceeding brought by the plaintiff to settle title to a tract of land in Penn Township, in this county; the proceeding being brought under the provisions of the Act of April 18, 1905, P. L. 202. On Nov. 8, 1923, the plaintiff presented a petition, setting out that he was in possession of, and claimed title to, a tract of land in Penn Township, containing 197.91 acres, more or less; that the heirs of Mary Willison, deceased, had an apparent interest in a portion of said real estate, but that they had not been in possession of the same, or any part thereof, for a period of ninety years and upward, and praying the court for a rule on the heirs of said Mary Willison to bring their actions of ejectment for their interest in the land within six months of the service of the rule upon them. On Nov. 8, 1923, the court fixed Nov. 20, 1923, as the day for hearing the application, with permission to the petitioner to take depositions in support of the application, and

such depositions were taken on Nov. 14, 1923; no appearances for the respondents being made at that hearing. On Jan. 4, 1924, a rule on the heirs of Mary Willison was granted as prayed for, to show cause why they should not bring their action of ejectment within six months from the service of the rule, permission being given to make service of said rule by publication. On Aug. 30, 1924, the petitioner filed his return to the rule, setting out that publication had been made as provided by the order of court, setting out that the names of the heirs of Mary Willison were unknown and praying the court to appoint a trustee to file an answer for them within sixty days after the service upon him of the pending rule; and, on Sept. 9, 1924, John E. Myers, Esq., was appointed trustee as prayed for, who, on Sept. 13, 1924, accepted service of the rule; and, on Oct. 24, 1924, filed the answer thereto, admitting that the plaintiff was in possession of the tract of land in question and claimed title thereto, but setting out that the heirs of Mary Willison, deceased, whose names the trustee had been unable to ascertain, had an interest in a portion of said real estate, and that the possession of the land at any time prior to April 1, 1923, had not been adverse to the interest of said heirs of Mary Willison, deceased. In this condition the rule was argued before the court, the respondent contending that, as the heirs of Mary Willison were tenants in common of the plaintiff and of those who had possession of the land prior to April 1, 1923, there was no adverse possession, and an action of ejectment could not be maintained; the plaintiff contending that he had brought himself fully within the provisions of the act under which the proceeding was instituted, and contending further that, as only a question of law was raised by the pleadings, that question should be passed upon by the court, and that the plaintiff was now entitled to the entry of an absolute judgment in his favor.

Under the pleadings it is admitted that the heirs of Mary Willison, deceased, have an apparent interest in a portion of the land which is admittedly in the possession of John S. Barr, the plaintiff. The petition sets out that John S. Barr is in possession of all of the land, and it also sets up his claim to the entire title thereto. The answer filed does not deny his present exclusive possession, nor does it deny that he claims an absolute title to all the land, although it does deny that his title to the whole of said land is valid. Under these conditions, we think that the plaintiff has brought himself squarely within the provisions of the Act of April 18, 1905, P. L. 202. Admittedly, he is in the exclusive possession of the land. Admittedly, he claims the entire title. If the respondents have any interest in it whatever, their interest is such as would carry with it the right to immediate possession of such an interest as they may show they are entitled to. But, under these conditions, they could, if they desired, bring an immediate action of ejectment to determine their title and right of immediate possession. It follows, therefore, that they may be compelled, by proper proceeding under the Act of April 18, 1905, P. L. 202, to bring their action of ejectment to test their claim of title.

On the other hand, however, we do not think that we could sustain the contention made on behalf of the plaintiff that the court should enter an immediate and final judgment in his favor. It is true that the plaintiff claims an absolute title to all the land, and states that he and his predecessors in title have had an exclusive and adverse possession for upwards of ninety years. This, however, is denied by the answer filed on behalf of the respondents, and if such possession is established at all, under the pleadings, it would appear that it would have to be established by parol testimony. The only testimony in the case consists of the *ex parte* depositions taken at the beginning of this proceeding in order to determine whether there was colorable ground for the

remedy prayed for by the plaintiff. Those depositions cannot, in the face of the answer filed, be accepted as conclusive by the court. In addition, we think that it is clear that "the provisions of the statute also make it obvious that all issues necessarily involved in the determination of title to the real estate in controversy are to be settled in the eventual ejectment proceedings contemplated by the act and not on the rule to show cause why ejectment should not be brought:" Clark *v.* Clark, 255 Pa. 574, 577; Foster's Petition, 243 Pa. 92.

And now, March 31, 1925, the rule heretofore granted upon the heirs of Mary Willison, deceased, to bring his, her or their action of ejectment within six months from service of said rule upon him, her or them, or show cause why the same cannot be so brought, is made absolute, and the respondents, or the trustee appointed to represent them, are hereby given six months from the date of this decree in which to bring such action of ejectment; in default of which they will be subject to the provisions of the Act of April 18, 1905, P. L. 202, respecting judgment thereon.

From Francis B. Sellers, Carlisle, Pa.