# Overdeer *against* Lewis.

After a lease has expired by its own limitation, the lessee becomes a tenant at will, whom the landlord may enter upon and dispossess, and in so doing use as much force as is necessary for that purpose. Under such circumstances, the landlord would only be liable for unnecessary violence and injury to the personal property of the tenant.

ERROR to the Common Pleas of *York* County.

Eli Overdeer against Robert N. Lewis. This was an action of trespass. The facts appeared to be, that Joseph Lichty, being the owner of a house and lot, leased the same to Eli Overdeer for the term of one year, to end on the 1st April 1839. During the pendency of the lease, Lichty conveyed to the defendant, Robert N. Lewis. Some time after the 1st April 1839, the defendant ordered the plaintiff immediately to quit the possession of the front room of the house, which he yet occupied as a store. The plaintiff declined to do so immediately, but offered to do so the next day. The defendant persisted in his leaving it immediately, and commenced to remove the goods, and in so doing broke and otherwise injured them; for which this action was brought against him.

DURKEE, President, instructed the jury that the facts in evidence showed that the plaintiff was a tenant at will, subject to be removed at the pleasure of the landlord; the defendant was not therefore liable for damages for the act of removing the plaintiff immediately at his pleasure; but only for unnecessary violence or injury to his property. This direction was the subject of exception.

[Overdeer v. Lewis.]

*Ramsey,* for plaintiff in error.

The act of 1772, section 12, contemplates that a tenant at will should have notice of the determination of his lease. *Chit. Black.* 147, *note.* If a tenant for years hold over after the termination of his lease by consent of his landlord, it will be considered a continuance for another year; there could not therefore be a forcible expulsion of the tenant without notice.

*Hambly,* for defendant in error.

A tenant at will can only maintain trespass against a stranger. 6 *Bacon's Ab.* 566 ; 4 *John.* 150. That the plaintiff was but a tenant at will cannot be doubted ; he was holding without right, and therefore removable at the pleasure of the landlord.

Per Curiam. The judge stated the law of the case at a breath. " If the plaintiff," said he, " held under the defendant, as tenant at will, at the time of the alleged trespass, he cannot recover for breaking and entering his close, but is entitled to recover damages under his declaration for any trespass proved to have been done to his personal property." Now, as the defendant's lease had expired by its own limitation, there could be no doubt that he was a tenant at will, though he had not received notice to quit— that point was put at rest in *Duncan* v. *Blashford,* 2 *Serg. & Rawle* 480—and the landlord might forcibly dispossess him on the instant, by night or by day, and for motives of mere caprice; with this limitation, only, that he should use no greater force than might be necessary, and do no wanton damage. A tenant at will is bound to remove his property, on request, without regard to his convenience, and to find a place for it as he may. It was not pretended that the plaintiff had not held over ; and the jury were properly directed that he was entitled to damages, only for any injury he had suffered from unnecessary violence to his property.

Judgment affirmed.