## John Frick, Appellant, *v.* W. W. Fiscus, Sheriff, et al.

*Trespass—Purchaser at sheriff's sale—Unlawful entry.*

As there is no contract relation between the purchaser at sheriff's sale, and the defendant in the execution òr tenant in possession, the latter may ·dispute the title of the former, and is not bound to submit to a forcible ·ouster as a tenant at will.   The purchaser may enter, if he can do so peaceably, but the tenant is bound to surrender only when proceedings under the statute, or a judgment in ejectment. require it.   In such a case the character of the entry is for the jury.

*Mortgage—Description—Land in two counties—Deed—Estoppel.*

Where a mortgage describes the land as lying in a particular county, but refers to the deed by which the mortgagor acquired the land, wherein the land is described as lying in two counties, the mortgagor is not estopped from asserting that a portion of the land was beyond the county line.   In such a case the description in the deed was part of the description of the land covered by the mortgage; if the description taken together was self-contradictory, the mortgagee was bound to take notice of it.

*Trespass—Sheriff—Unlawful entry..*

In an action of trespass against a purchaser at sheriff's sale and the sheriff and his deputy.for unlawfully entering upon defendants' lands and tearing down a house thereon, the sheriff and his deputy are not liable for the destruction of the house unless they are shown to have some other connection with it than merely that of putting the purchaser at sheriff's sale in possession : By MR. JUSTICE WILLIAMS..

*Trespass for unlawful entry—Damages—Ouster.*

Damages for an ouster are for the loss of possession, and not for the value of the freehold or any part of it: By MR. JUSTICE WILLIAMS.

Argued Oct. 8, 1894.   Appeal, No. 204, Oct. T., 1894, by plaintiff, from judgment of C. P. Armstrong Co., March T., 1891, No. 178, on verdict for defendants.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Reversed.

· Trespass for unlawful entry.   Before NOYES, P. J.

The facts appear by the opinion of the Supreme Court.

At the trial defendant offered in evidence the record of proceedings to dispossess, found in the docket of 'Squire Faulk, viz., Wm. M. Ralston and D. W. Hawk, administrators of Reuben Allshouse v. John Frick, and the judgment thereon award-

ing possession to plaintiffs. Objected to as irrelevant in this proceeding, being a warrant issue to J. H. Chambers, sheriff, and being in the year 1884, and in no way connected with the present proceeding. Objection overruled and bill sealed. [1]

Defendant then offered writ issued in the same case dated March 22, 1889, Wm. M. Ralston and D. W. Hawk, administrators, v. John Frick, and the return of the sheriff W. W. Fiscus thereto. Objected to because there is no judgment shown to support this writ. The Court: I think this hardly proper unless you can show authority for dispossessing him. Mr. Leason: We offer this writ for the purpose of showing the authority under which the sheriff dispossessed John Frick the last time; to be followed by his testimony showing that he acted in pursuance of this writ. The Court: The writ showing on its face that it was the second writ after the execution of the first one, I will sustain the objection to this, as I think the writ is not admissible; it will be received, under the circumstances in the case, as affecting the question of damages, showing good faith on the part of defendants. Exception granted and bill sealed. [2]

Plaintiff in rebuttal offered deed of Richard Coulter et al. to John Frick, dated July 13, 1865, recorded in Armstrong Co. Also deed of Benjamin Rush Bradford to Richard Coulter and others recorded in Armstrong Co. Also deed of Trustees Bradford to Benjamin Rush Bradford, dated July 1, 1857, and recorded in deed book, volume 22, page 534, for the purpose of showing that the land sold on the levari facias was partly in Armstrong county and partly in Indiana county and that plaintiffs had no authority at law to sell the same under the levari facias, they not having proceeded in accordance with the act of assembly in such cases made and provided. Defendants objected to the offer for the reason that the land mortgaged by John Frick to Reuben Allshouse is described as land in Cowanshannock township, Armstrong county; he is estopped therefore from contradicting his own act and deed, and as incompetent and irrelevant. Objection sustained. Bill sealed. [3]

A verdict was directed for defendants. [4]

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* were (1–3) rulings; (4) above instructions;

(5–10) instructions on points mentioned below; quoting bills of exceptions, evidence and instructions.

*W. D. Patton*, for appellant.—A landlord entitled to repossession may not re-enter during the tenant's temporary absence, without legal warrant, and hold forcible possession: Mason v. Hawes, 52 Conn. 12; Scarlett v. Lamarque, 5 Cal. 63. And an entry will be considered forcible when accompanied by threats, numbers and demonstrations calculated to inspire alarm and terror, whether actual force is used or not: 8 A. & E. Ency. L., pp. 113, 116.

*M. F. Leason*, *Orr Buffington* with him, for appellees.—It was the duty of John Frick, when he executed the mortgage, to have described the land, if such was the fact, as being in both counties, but he has described it as being only in Armstrong county.

Leidy v. Proctor, 97 Pa. 486; Kellam v. Janson, 17 Pa. 467; Overdeer v. Lewis, 1 W. & S. 90; act of March 23, 1877, P. L. 26, fully sustain appellees in their course.

OPINION BY MR. JUSTICE WILLIAMS, Nov. 12, 1894:

The circumstances out of which this litigation arises are substantially as follows: John Frick, the plaintiff, bought a farm from R. Coulter and E. Buffington in 1865. On the day on which he received his deed he made a mortgage, covering the same land, to R. Allshouse. The mortgage described the land as lying in Cowanshannock township, Armstrong county, and as being " the same land conveyed by Coulter and Buffington to John Frick." The mortgage was duly recorded in Armstrong county. After it fell due proceedings were had upon it resulting in a sale of the farm by the sheriff of Armstrong county to the administrators of Allshouse. The purchasers instituted proceedings before a justice of the peace and a jury to secure possession of the land, obtained a judgment in their favor, and on the third day of April, 1884, a writ was issued by the justice directing the sheriff to deliver possession to the plaintiff and collect the costs of the proceedings. On this writ the sheriff made return that he had delivered possession " of the within described premises in my bailiwick," and collected the

costs as directed.    The mortgagor then built a new house on a part of the farm alleged to be in Indiana county, and has resided there until the acts complained of, which took place in March, 1889.    The proceedings upon the mortgage have all been in Armstrong county.    The contention of the plaintiff is that thirty-three acres of the farm are in Indiana county; that he was living on that part of it, in a house built by him after the writ of possession was executed in Armstrong county, when he was forcibly dispossessed by the defendants.    The defendants justify their entry and removal of the plaintiff's family and goods under what is called a pluries writ of possession issued on the 22d of March, 1889, by the justice of the peace; and under the title of the purchasers at sheriff's sale.

The mode of their entry is described by Hobaugh, one of the defendants.    He says they left Kittanning at one o'clock in the morning and drove to Frick's, and " up back of the barn, and I got out of the buggy and went up behind the barn." There they waited until the family got up and Frick went out to the spring house, when the witness says: " I run into the house, got in, told Frick to come in, and shook hands, and Mrs. Frick began to cry when she saw who I was."    The family was allowed to eat their breakfast and feed the officers, and then the witness continues : " The sheriff wanted them to move out and they said they would not, and him and I commenced carrying the goods out of the house."    There were three or four other persons there besides the sheriff and his deputy, and with their help and the help of a team the goods were carried to the roadside some twenty or thirty rods away and there piled up along the fence, and the possession of the house delivered to the purchasers at sheriff's sale.

The first question raised is one of fact, viz., in which county were the dwelling house and the thirty-three acres of land occupied by the plaintiff?    The evidence upon this question was certainly sufficient, if believed by the jury, to sustain a finding that they were in Indiana county.    If in Indiana county, the next question was one of law, viz., did process issued by a justice of the peace of Armstrong county authorize or justify the acts of the officer to whom it was directed, done in another county ?

The learned judge before whom this case was tried was evi-

dently of opinion with the plaintiff upon the question of fact, for he held that the writ had no extra-territorial vigor, and when it was offered by the defendants, as authorizing their entry, he rejected it. When it was subsequently admitted it was for the purpose of showing the want of malice only. His binding instruction to the jury to find in favor of the defendants must have rested therefore on the other line of defence. That also consisted of two questions, one of fact and one of law. The question of law was whether the purchasers at the sheriff's sale under the proceedings in Armstrong county acquired thereby a title to such part of the land as was situated in Indiana county ? The question of fact was whether, if the title of the purchasers be assumed, their entry upon and ouster of the plaintiff was a peaceable one within the meaning of the rule laid down in Leidy v. Proctor, 97 Pa. 486 ? The rulings of the learned judge lead us to suppose that he held with the defendant upon both of these questions, since he did not submit the latter question to the jury but directed their verdict. If it was clear that he was right in his legal conclusion as to the effect of the sale in Armstrong county, it is not easy to see why the question of fact was taken from the jury. It was for them to say, under all the evidence, whether the entry was peaceable, or whether it was with overpowering numbers and a strong hand. And here it may be well to say that the rule of Overdeer v. Lewis, 1 W. & S. 90, is not strictly applicable to this case. When a lease has expired by its own limitations the tenant becomes a tenant at the will of the landlord whose title he cannot dispute, and he cannot object when the landlord terminates his will and enters to dispossess him. But there is no contract relation between the purchaser at sheriff's sale and the defendant or tenant in possession. The latter may dispute the title of the sheriff's vendee and he is not bound to submit to a forcible ouster as a tenant at will. The purchaser may enter, if he can do so peaceably, but the tenant is only bound to surrender when proceedings under the statute, or a judgment in ejectment require it; and he is under no necessity to fortify his castle and maintain his possession by force of arms meantime. The character of the entry in this case was therefore for the jury.

But is it clear that the purchaser at sheriff's sale did acquire title to the land in Indiana county ? The general rule is that

a sheriff can sell only land lying in the county for which he is elected and commissioned. For this reason inconvenience was encountered whenever a farm or tract of land was divided by a county line. In such case proceedings were necessary in each county, and as many sales had to be made as there were counties into which the farm or tract extended. For this hardship a remedy was devised by the legislature, and if the directions of the statute be followed a sale of the whole farm or tract may be made at once. The statute was not followed in this instance, and if there was no other element in the case the learned counsel for the appellee would concede that the appellant's equity of redemption in the land in Indiana county was not extinguished by the sheriff's sale under which his clients claim. But it is contended that the description of the land in the mortgage as being in Armstrong county estops the mortgagor from asserting that any portion of it lies beyond the county lines. The description must however be taken as a whole. So taken it describes the land as lying in Armstrong county and as being the same land conveyed to the mortgagor by Coulter and Buffington. The mortgagee was thus put upon notice of the origin and character of Frick's title by reference to the deed under which it was acquired, and the description in that deed became part of the description of the mortgaged premises. The plaintiff offered the deed from Coulter and Buffington to himself referred to in the mortgage, for the purpose of showing that the land was therein described as lying partly in Washington township, Indiana county. This was objected to as an attempt to contradict the mortgage, and the objection was sustained and the offer excluded. It seems to us that this was rather an attempt to show the whole of the description just as it appeared in the mortgage. If it contradicted any statement in that instrument it was because the contradiction was upon the face of it. If the description taken together was self-contradictory the mortgagee was bound to take notice of it, and no question of estoppel could arise. It was error therefore to exclude the deed; and it was error to hold the plaintiff as estopped by what was really but a part of the description of the mortgaged premises. In Menges v. Oyster, 4 W. & S. 20, an effort was made to estop a mortgagor from denying the extra territorial efficacy of a sale upon a mort-

gage by his act of encouragement to bidders, and his silence upon the subject of the location of part of the tract at the sheriff's sale. It was held however that he was not estopped and that a sale upon a mortgage confers no title on the purchaser to that part of the mortgaged premises that is beyond the line of the county in which the sale was made, unless the directions of the statute be complied with.

We notice that the sheriff and his deputy, who are responsible for putting the appellant out of possession, are joined in this action with the purchasers and others to whom the possession was delivered and who, it is alleged, tore down the house. They certainly are not liable for the destruction of the house unless they are shown to have some other connection with it than that of putting the purchasers at sheriff's sale into possession. Nor do we understand upon what theory the value of the house can be claimed as damages. The house was fixed to, and part of the land which was bound by the mortgage. Damages for an ouster are for the loss of possession, not for the value of the freehold or any part of it. But neither of these questions is necessarily involved in this appeal and what has been said upon them is therefore obiter dictum merely. Upon another trial the points submitted by the plaintiff will require attention, if, as seems probable, the case goes to the jury.

The judgment is reversed and a venire facias de novo awarded.