## Clark, Appellant, *v.* Clark, et al.

*Real estate—Rule to bring ejectment—Act of April 16, 1903, P. L. 212—Remaindermen.*

1. The Act of April 16, 1903, P. L. 212, providing in effect that parties claiming an interest in real estate but not in possession, may be ruled by the party in possession to bring an action of ejectment, intended that all issues necessarily involved in the determination of title to real estate are to be settled in such ejectment proceeding; when such action is instituted, the title to the land in controversy can be determined and if the verdict favors the respondents, the judgment may be so moulded as to grant appropriate relief.

2. Where a party in possession of real estate petitions under the said Act of 1903 for a rule on parties claiming an interest therein, to show cause why they should not bring an action of ejectment, an answer averring that petitioner has but a life estate, that respondents are the remaindermen, and that owing to such facts respondents cannot bring an action of ejectment, does not show sufficient cause for not bringing the action and an order refusing the rule will on appeal be reversed with a procedendo.

Argued Sept. 29, 1916. Appeal, No. 165, Oct. T., 1915, by plaintiff, from order of C. P. Westmoreland Co., May T., 1913, No. 493, refusing rule to show cause why defendants should not bring an action of ejectment, in case of Mary Ellen Clark v. James M. Clark, Samuel T. Clark, Philip Floyd Clark, Myrtle Clark, Paul Clark, Lottie S. McDonald, Charlie Swartz, L. L. Swartz, and J. S. Swartz. Before Brown, C. J., Mestrezat, Potter, Stewart, Moschzisker and Walling, JJ. Reversed.

Petition under the Act of April 16, 1903, P. L. 212, for rule to show cause why defendant should not bring ejectment for real estate in the possession of petitioner. Before McConnell, J.

The opinion of the Supreme Court states the facts.

The court refused the petition. Petitioner appealed.

*Error assigned,* among others, was in dismissing the petition.

*G. B. Shaw,* with him *John C. Silsley,* for appellant, cited: Fearl v. Johnstown, 216 Pa. 205; Cambria Iron Co. v. Leidy, 226 Pa. 122; Titus v. Bindley, 210 Pa. 121; Kimmel v. Shaffer, 219 Pa. 375; Stamey v. Barkley, 211 Pa. 313.

*Rabe F. Marsh,* with him *M. N. McGeary,* for appellees.

OPINION BY MR. JUSTICE MOSCHZISKER, January 8, 1917:

In substance, the plaintiff states the questions involved thus: (a) On a rule to bring an action of ejectment, under the provisions of a statute entitled "An Act to settle title to real estate," where the petitioner claims to be the sole and absolute owner of the property in controversy, and that she holds exclusive possession, does an answer admitting her possession, which does not deny that she claims to be the owner nor any other of the statutory jurisdictional facts averred in the petition, but wherein the respondents claim to be the owners in fee of the remainder and allege that the petitioner has only a life estate, show sufficient cause on their part for not bringing ejectment? (b) Can the dispute as to title be settled on this preliminary rule?

The defendants content themselves with the following statement: In proceedings under the Act of March 8, 1889, P. L. 10, as amended by the Act of April 16, 1903,

P. L. 212, do the respondents show adequate cause why an action of ejectment cannot be brought, where their answer avers "that they claim only as remaindermen, and where they do not claim the right of immediate possession?"

The Act of 1903, supra, inter alia, provides: "That whenever any person not being in possession thereof, shall claim or have an apparent interest in or title to real estate, it shall be lawful for any person in possession thereof, claiming title to the same, to make application to the Court of Common Pleas of the proper county, whereupon a rule shall be granted upon said person not in possession, to bring his or her action of ejectment within six months from the service of such rule upon him or her, or show cause why the same cannot be so brought."

The allegations of the plaintiff's petition clearly bring her case within the provisions of the above act. She avers "that she is the owner, and is in possession" of the real estate in controversy; that the defendants, naming them, "claim an interest in the said tract," but are not in possession of the land; finally, that she is "desirous to settle or quiet the title thereto."

The answer denies "that the said petitioner......is the owner" and avers that she has but a life estate; it further avers that the defendants, themselves, are "the owners in fee of the remainder or reversion"; and therein they take the position that, "owing to the fact said petitioner......has a life estate in the said land, and to the further fact that she is in possession thereof,....... respondents cannot bring their action of ejectment."

The court below sustained the contention of the defendants, and held that, since they did not claim a present right of possession, the Act of 1903, supra, was not applicable to them; for, should judgment go in their favor, ejectment being a possessory action, "they would be without power to execute the judgment," when entered.

In reaching the conclusion just stated, the learned court below overlooked the true intent and purpose of the legislation under consideration, as clearly indicated in the title and by the provisions of the statute now before us. To begin with, the act in question is announced as legislation "to settle title to real estate," and the language employed therein plainly shows such to be its real purpose (Spangler v. Trogler, 228 Pa. 217, 226; Foster's Petition, 243 Pa. 92, 95; Mildren v. Nye, 240 Pa. 72, 74); but the provisions of the statute also make it obvious that all issues necessarily involved in the determination of title to the real estate in controversy, are to be settled in the eventual ejectment proceeding contemplated by the act, and not on the rule to show cause why ejectment should not be brought: and so we have recently held in passing upon a like statute (Titus v. Bindley, 210 Pa. 121, 124-5). On this preliminary rule, the inquiry is not to determine who has title to the land in controversy, but whether there is a dispute as to the title between a petitioner in actual possession, and a respondent out of possession, who claims or has "an apparent interest in or title to the real estate."

Counsel for the plaintiff very tersely and correctly sum up the situation at bar, thus: "The appellant presented to the proper court her petition alleging the jurisdictional facts as required by the Act of April 16, 1903, P. L. 212, and a rule issued. The respondents, appellees, in answer to the rule, did not deny any jurisdictional fact averred in the petition, but alleged, in substance, that under the will of her husband and the laws of the Commonwealth of Pennsylvania, the petitioner acquired only a life estate in the land, and that they are the owners thereof, subject to her life estate, and, because of her life estate, they cannot bring an action of ejectment, as they are not entitled to possession."

While, if it were not for the legislation in question and our decisions thereunder, the record facts now before us might well be held to present a situation which

would not justify an ordinary action in ejectment, yet the question remains, are the conditions presented in this case within the curative purpose and effect of the statute? If they are, notwithstanding prior theories and established practice, it follows that the contemplated ejectment may be ordered and proceeded with to judgment.

Let us see what has already been said by this court upon the general subject in hand, which sheds light on our present inquiry. In Mildren v. Nye, supra, Mr. Justice BROWN, now Chief Justice, said at page 74 of his opinion, that the Act of 1903, supra, and the Act of June 10, 1893, P. L. 415, respectively provide for "the settling of titles to real estate" and "for the quieting of titles to land," and added, "Each act is for the same purpose, though the methods of procedure under the one differ from those under the other." In Fearl v. Johnstown, 216 Pa. 205, 207, 208, Mr. Chief Justice MITCHELL said of these statutes: "The purpose of both acts is the same, but the methods of procedure are different." He further said that, where there was a substantial contest as to the fact of present possession, the former act suggested the more appropriate procedure, but that, where there was no such controversy, the Act of 1903 provided the more appropriate remedy, and added that, "on the appearance of these two facts, the possession by plaintiff and the claim of title by the other party, without more, the rule is to be granted to bring ejectment or show cause why it should not be done." In Cambria Iron Co. v. Leidy, 226 Pa. 122, 129, Mr. Justice MESTREZAT said, speaking of the Act of 1903, "This legislation provides a speedy and complete remedy for one in possession of land, claiming title thereto, to obtain a final judgment as to the validity of his title against an adverse claimant." Again, in Kimmel v. Shaffer, 219 Pa. 375, 378, Mr. Justice MITCHELL, speaking of the Act of 1893, said: "The argument of appellant is that the plaintiff's present right of possession and her possession in fact are not disputed, the ap-

pellant's claim being only to a contingent right upon the death of Keefer, whom she avers to be the life tenant; but this, though it refers to the future, is still a present dispute of title by which the plaintiff holds possession, and is, therefore, within the act. What the party in possession needs, and what the act gives him, is the right to a present adjudication of his title: Delaware & Hudson Canal Co. v. Genet, 169 Pa. 343." In Smith v. Hibbs, 213 Pa. 202, 204, Mr. Justice STEWART has this to say of the Act of 1893: "The suggestion is made that, inasmuch as the other parties defendant......were remaindermen, and not in position to assert their title as against the party in possession, the case might be different as to them. This suggestion springs from the supposed analogy between the proceedings contemplated by the act ......and an equitable ejectment action. True, in Ullom v. Hughes, 204 Pa. 305, 310, it is said,......that the act expressly assimilates the proceeding to an equitable ejectment; but it does not result from this, that the scope and purposes of the act are to be narrowed by the application of the principles and rules which govern in ejectments."

The relevant authorities, just reviewed, contain the guiding principles that govern this case, and, thereunder, the learned court below should have directed the defendants to bring their ejectment. When such an action is instituted, the title to the land in controversy can be determined, and, if the verdict favors the defendants, there should be no difficulty in moulding the judgment so as to grant appropriate relief.

All assignments of error which complain of rulings in conflict with the views herein expressed, are sustained; the judgment of the court below is reversed with a procedendo.