Hoffman *v.* Bozitsko, Appellant.

Argued March 5, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WATKINS, MONTGOMERY, and FLOOD, JJ. (WOODSIDE, J., absent).

*George I. Puhak,* with him *Andrew I. Puhak,* for appellant.

*George L. Fenner, Jr.,* with him *Arnold Steinhardt,* for appellees.

OPINION BY FLOOD, J., June 13, 1962:

This is an appeal from a decree granting the plaintiffs' motion for judgment on the pleadings in an action to quiet title.

The complaint avers that the plaintiffs hold title to a tract of land in Luzerne County, part of which lies in Butler Township and part in Dennison Township; that a part of the tract, lying in Dennison Township, was assessed for taxes in 1954 and 1955 in that

township; that the taxes based upon this assessment were not paid; that on September 5, 1956, the land so assessed was sold at public sale to the defendant; that a deed from the Tax Claim Bureau was executed on January 16, 1957, duly recorded and delivered to him; that the land in question was properly assessed with the rest of the tract in Butler Township and taxes were properly paid there; that the defendant acquired no title at the judicial sale and that the plaintiffs and their grantees are in possession and the defendant is not in possession.

The answer denied in haec verba the plaintiffs' allegation that they were in possession, denied that they were the owners of the land purchased by the defendant and did not admit or deny the averment that the defendant was not in possession. The court held that these insufficient denials constituted an admission that plaintiffs were in possession and defendant was not. From this it concluded that judgment on the pleadings must be granted, leaving all questions of title and right to possession to be determined in an ejectment suit which the defendant was required to bring. The court thereupon decreed that unless the defendant commenced an action of ejectment within thirty days of the date of the decree, he would be forever barred from asserting any right, lien, title or interest in the land inconsistent with the interest or claim of the plaintiffs set forth in the complaint.

The defendant appeals upon the grounds that (1) his rights in property purchased at a judicial sale cannot or should not be determined in an action of ejectment but in an action to quiet title under Pa. R. C. P. No. 1061(b)(4); and therefore (2) all questions as to these rights should be disposed of in the pending action to quiet title.

1. It is true that the purchaser at a judicial sale may obtain possession of the property purchased by an

action to quiet title under the Act of April 20, 1905, P. L. 239, as amended, 12 PS §2571 et seq., the procedural provisions of which are superseded by Pa. R. C. P. No. 1061 et seq. But this is not his only remedy. He may also sue in ejectment: *Frick v. Fiscus,* 164 Pa. 623, 30 A. 515 (1894). The remedies by ejectment or action to quiet title are optional: *Kerr v. Clements,* 148 Pa. Superior Ct. 378, 25 A. 2d 737 (1942). The defendant should not be deprived of his choice of remedies, and the order should be modified so as to allow him to bring either ejectment or an action to quiet title to establish his right. This is the clear mandate of Pa. R. C. P. No. 128(b), which provides that in ascertaining the intention of the Supreme Court in the promulgation of a rule, the court may presume "[t]hat the Supreme Court intends the entire rule or chapter of rules to be effective . . ." Consequently, we should not construe subsection (b)(1) of Pa. R. C. P. No. 1061 (giving a right of action to compel an adverse party to commence an action of ejectment), so as to deprive the adverse party of the right given to all others in his position by subsection (b)(4) of the same rule to bring an action to quiet title to obtain possession of land sold at a sheriff's sale.

The order of the court should therefore be modified to bar the defendant's rights in the property only if he fails to bring either an action of ejectment or an action to quiet title within thirty days.

2. However, this does not mean that the ultimate issues of title and right of possession should be determined in the action now before us. The action to quiet title under Pa. R. C. P. No. 1061 et seq. assimilates, to a considerable degree, the procedure in several different situations, in which, before the adoption of the rules, the remedy was by the bill quia timet or by proceedings under a number of different statutes: Goodrich-Amram §1061(b)-2 et seq. The act under which

the present suit falls and that under which the defendant would bring his action are quite different. The Act of March 8, 1889, P. L. 10, as amended, 12 PS §1543 et seq., now superseded as to practice and procedure by Pa. R. C. P. No. 1061(b)(1), authorizes the action now before us. In such case in order to justify a decree for the plaintiff he must establish to the satisfaction of the court only that he is in possession and the defendant is out of possession and challenges the plaintiff's rights because of an asserted title under a judicial sale in which someone other than the plaintiffs were named in the proceedings as owners of the property sold: *Clark v. Clark*, 255 Pa. 574, 100 A. 457 (1917). The issues of title and right to possession are not to be determined in this action: Id. at page 577, 100 A. at pages 457-458.

The action under Pa. R. C. P. No. 1061(b)(4) to obtain possession of land sold at a judicial sale supersedes the Act of April 20, 1905, P. L. 239, as amended, 12 PS §2571 et seq., only as to practice and procedure. Pa. R. C. P. No. 1455(23). The substantive requirements of that act remain in force and the plaintiff in such suit must establish his title and right to possession: Act of 1905, supra, §§11, 12, 12 PS §§2582, 2583. In such action either party may demand a jury trial: Act of 1905, supra, §§8, 9, 12 PS §§2579, 2580.

We take it that the defendant's real objective on this appeal is to place the burden upon the plaintiff in possession to establish a right to possession superior to that of the defendant who is out of possession. This is not the plaintiff's burden. Whether the defendant brings ejectment or an action to quiet title under Pa. R. C. P. No. 1061(b)(4), it is the present defendant's burden to establish his superior title and right to possession.

3. In his supplemental brief, the appellant raises a third question by contending the plaintiffs are barred

558

from attacking his tax title at this time. But this question is not relevant in the action before us. It can be determined only in an action of ejectment or to quiet title brought by the present defendant to obtain possession of the tract bought by him at the judicial sale. *Clark v. Clark,* supra.

The decision of the court below, modified in accordance with this opinion, is affirmed. The decree is vacated and the record is remitted to the court below to enter a modified decree in accordance with this opinion.