Bozitsko, Appellant, *v.* Hoffman.

Argued March 22, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

494

*George I. Puhak,* with him *Andrew I. Puhak,* for appellant.

*Anthony P. Sidari,* for appellees.

OPINION BY JACOBS, April 14, 1966:

This is an action to quiet title brought by the purchaser of a property at tax sale in 1956 against one of the grantees and the heirs and personal representatives of the other two grantees, to whom were conveyed six tracts of land in 1927, the deed being duly recorded.[1] It was tried without a jury. Plaintiff appeals from judgment entered for the defendants. We affirm.

The property in question is a 188 acre tract in Luzerne County which was assessed both in Butler Township and in Dennison Township, but was at trial determined to lie in Dennison Township. In 1928, after the conveyance of 1,368 acres, covering six tracts including the one at issue, from Joseph M. Hoffman and his wife to Arthur F. Hoffman, Rolland A. Hoffman and Llewellyn J. Hoffman, the six tracts were lumped together and assessed in Butler Township in the name of the Hoffman brothers. Although all six tracts were

---

[1] The propriety of this form of action to test the validity of the deed from the Tax Claim Bureau was determined by this court in *Hoffman v. Bozitsko,* 198 Pa. Superior Ct. 553, 182 A. 2d 113 (1962).

included in this lumping process in Butler Township, the one tract which to this time had been assessed in Dennison Township was not removed from the Dennison Township assessment records, continuing there as an assessment of 188 acres of brush land in the name of "John Garity". In 1928 and thereafter there was no person by the name of "John Garity", which was apparently a corruption of "John Gartley", the original warrantee.

All taxes levied on the bulk assessment of the six tracts had been paid by the Hoffmans to the time of this suit. All the conveyances made from their land, including the Dennison Township tract, were described as being in Butler Township.

Taxes for the years 1954 and 1955 on the assessment of 188 acres in Dennison Township were not paid and the land was sold on September 5, 1956 by the Tax Claim Bureau of Luzerne County at public sale to the plaintiff for $800. On January 16, 1957, the Tax Claim Bureau gave the plaintiff a deed, which was duly recorded.

After a trial before the court without a jury, Judge BIGELOW, the trial judge, found that John Garity was never the owner of the land claimed by the plaintiff; that the defendants never knew of the plaintiff's claim to the land until 1960, and that no mail notice of the 1956 tax sale was sent to Rolland A. Hoffman, one of the owners. The court below declared the tax deed and the sale on which it was based invalid and, after argument on objections before the court en banc, entered judgment to that effect. The court en banc held that the tax was paid, that notice of the sale was not given to the owners, that the published notice of the sale was defective, and that the land was doubly assessed.

Annual property tax assessments in Luzerne County, a third class county, are made under the provisions

of the Act of June 26, 1931, P. L. 1379, as amended, 72 P.S. §§5342-5350(k), and The General County Assessment Law of May 22, 1933, P. L. 853, as amended, 72 P.S. §§5020-1-5020-601, where the latter is not inconsistent with the former. Unpaid taxes are returned and sales made under the provisions of the Real Estate Tax Sale Law of July 7, 1947, P. L. 1368, as amended, 72 P.S. §§5860.101-5860.803. These acts contain, inter alia, detailed requirements in regard to the filing of claims for delinquent taxes and the giving of notice of sales of land for delinquent taxes. We do not believe that an extended discussion of these provisions is necessary to decide this case.

It is a fundamental requirement that before any proper authority, in this case The Tax Claim Bureau of Luzerne County, can sell a property for delinquent taxes, there must be unpaid delinquent taxes. In this case the trial court make the following findings of fact:

"11. All of the defendants' land, including that involved in the present action, has been assessed for many years in 'bulk' or as 'one unit of land' and as being in the Township of Butler. The 1954 assessment assessed the land as one unit of 520½ acres.

"24. The land claimed by the plaintiff has been assessed to the defendants in Butler Township under Plate No. 6-306 and all the taxes on said land have been paid."

Whether or not the 188 acres claimed by the plaintiff under his tax deed were included in the bulk assessment and whether or not the taxes on them were paid were questions for the jury. *Everhart v. Nesbitt*, 182 Pa. 500, 38 A. 525 (1897) ; *McGuire v. Gilbert*, 102 Pa. Superior Ct. 25, 156 A. 735 (1931). Here a jury trial was waived and the court sat in place of a jury. These findings of fact, affirmed by the court en banc, are supported by competent evidence, so they are bind-

ing on us.   *Morse-Boulger Destructor Co. v. Mellon-Stuart Co.,* 185 Pa. Superior Ct. 316, 138 A. 2d 152 (1958).

Thus at the time the 1954 and 1955 taxes were returned as unpaid to the Tax Claim Bureau, the taxes assessed on the land in question in Butler Township as part of the bulk land of the defendants had already been paid.   Appropriate is our language in *Nypen Corporation v. Sechrist,* 138 Pa. Superior Ct. 361, 364, 10 A. 2d 822 (1940) : "The payment by . . . the legal owner, of the taxes on the larger tract, embracing the . . . acres in dispute, discharged all of that body of land from further taxes for the year 1907."   To sustain the treasurer's sale in *Nypen* would have been to sanction a double assessment.   We would not do this in *Nypen*; we will not do it here.   The fact that here the assessments were in two different townships does not change the situation to the detriment of the property owner who has paid the taxes on his land since 1928.   *Montgomery v. Meredith,* 17 Pa. 42 (1851).

"The purpose of tax sales is not to strip the taxpayer of his property but to insure the collection of taxes."   *Hess v. Westerwick,* 366 Pa. 90, 98, 76 A. 2d 745 (1950).   These taxpayers cannot be stripped of their property as a result of an assessment error which was not their fault.

Having had no authority to sell this property, the Tax Claim Bureau could give no valid deed.   We rest our decision on this fundamental point and deem it sufficient to note that we agree with the lower court's disposition of the question of notice.

Decree and judgment affirmed.