## Cavrak v. Stanich

*Barna & Barna*, for plaintiffs.
*Murphy & France*, for defendants.

FEIGUS, J., June 5, 1972.—This action to quiet title is before the court en banc upon defendants' preliminary objections to plaintiffs' reply to new matter wherein they set up additional averments in "New Matter" consisting of assertions of laches, statute of limitations and adverse possession.

Plaintiffs' complaint sets forth title acquired from the county commissioners by public tax sale on April 30, 1943, and deed dated December 2, 1943, recorded in deed book vol. 589, page 291, and possession of plaintiffs. Defendants' answer merely contains repetitive assertions of invalidity of the said tax sale, and in "New Matter" repeats assertions of invalidity of the sale by reciting that the sale was invalid for lack of compliance with the Act of April 29, 1844, P. L. 501, 72 PS §5984, but neither admits nor denies plaintiffs' averment of possession. Plaintiffs' reply to new matter consists of a denial of noncompliance with said Act of 1844, and of an averment of defendants' nonpayment of taxes assessed for the year 1932, et al. In new matter of the reply, plaintiffs further raise the above-mentioned impediments to any claim of title by defendants, namely, laches, statute of limitations and adverse possession. Defendants' averment neither admitting nor denying plaintiffs' averment of possession will be treated as an admission: Pennsylvania Rule of Civil Procedure 1029(b). Nor are plaintiffs required to

answer or traverse conclusions of law in the answer and new matter: 1 Goodrich-Amram, sec. 1029(b)-2.

Defendants' contention that the Pennsylvania Rules of Civil Procedure seem to make no provision for the pleading of new matter in a reply to new matter is tenable: Sterback v. Lombardo, 59 Lanc. L. R. 311; Pa. R. C. P. 1017(a); 1 Goodrich-Amram, 1972 Supp. sec. 1030-4. However, since the parties seem to be engaged in a seemingly futile battle of pleadings, we are satisfied that plaintiffs should be permitted to re-plead their cause of action so as to include a count or claim setting up the additional claim of title by adverse possession which they have attempted to raise by their improper new matter. One taking possession of realty under color of title represented by a tax deed may acquire title by adverse possession: Philadelphia Electric Co. v. Philadelphia, 303 Pa. 422. Title by adverse possession which is actual, continuous, visible, notorious, distinct and hostile, persisted in for 21 years or more is sufficient: Moser v. Granquist, 362 Pa. 302; Hawk v. Senseman, 6 S. & R. 21; Act of March 26, 1785, 2 Sm. L. 299, sec. 2, 12 PS §72, et seq.; 1 P.L.E. 417, et seq.

We are, nevertheless, at a loss to comprehend plaintiffs' position on desired relief. Since they are admittedly in possession seeking an order to require defendants to file an action of ejectment, we think much time would be saved if plaintiffs were to file a motion requesting such a judgment or order, inasmuch as defendants have, in effect, answered by asserting as their sole defense the invalidity of plaintiffs' tax title, and implicitly seek immediate possession on the strength of their paper title: 1 Goodrich-Amram, sec. 1065-5. We do not feel that we should be called upon to decide defendants' title or right of possession in the

instant proceedings, in the absence of a complete stipulation of facts and a waiver of trial by jury: 1 Goodrich-Amram 1972, Supp., sec. 1066(a)-1; Blasi v. Alexander, 19 D. & C. 2d 491; Buckingham Township School District v. Large, 15 D. & C. 2d 528, 537; United Greek Societies v. Furman, 99 P.L.J. 330; Paulsen v. Snyder, 6 Chester L.R. 154.

As under prior practice, questions of title in proceedings to compel the defendant to commence an action of ejectment under Pa. R. C. P. 1061(b) (1) are not to be adjudicated in that action unless defendant, after proper service, either fails to appear and show cause why an action of ejectment cannot be brought as where possession of plaintiff is disputed, or neglects to do so, whereupon judgment may be taken by default. If or as soon as he brings the action of ejectment, the controversy over the title and right of possession is to be litigated in that action: Meyers v. Manufacturers & Traders National Bank, 332 Pa. 180; Boocks's Petition, 303 Pa. 363; Notley's Petition, 263 Pa. 377; Clark v. Clark, 255 Pa. 574; Foster's Petition, 243 Pa. 92; Mildren v. Nye, 240 Pa. 72; Welsh v. Clough, 216 Pa. 276; 13 Standard Pennsylvania Practice 567.

For the purposes of the instant case, Pa. R. C. P. 1061(b) (1), making it available "to compel an adverse party to commence an action of ejectment," and section (b) (4) "to obtain possession of land sold at a judicial or tax sale," are herein applicable. Being in possession, plaintiffs obviously do not require an order or decree for possession. In the case of a purchaser at a tax sale who has obtained peaceable possession and is desirous of confirming his title vis-a-vis the original tax delinquent owner, the action to quiet title directed to such original owner of the land may be suspended as soon as the latter answers by claiming his right of

possession by reason of plaintiffs' invalid tax or judicial sale, and upon proper motion, defendant should immediately be directed to file his action of ejectment under peril of a final decree in favor of the purchaser at tax or judicial sale in possession. See Hoffman v. Bozitsko, 198 Pa. Superior Ct. 553; Bozitsko v. Hoffman, 207 Pa. Superior Ct. 493; Godding v. Swanson, 165 Pa. Superior Ct. 193; Haughton v. Taggart and Haupt, 49 Schuylkill L.R. 84; Thomas v. Venneri, 17 D. & C. 2d 379.

## ORDER

And now, June 5, 1972, the preliminary objections ex parte defendant are sustained, with leave to plaintiffs to amend the complaint in conformity with this opinion, or, alternatively , to file a motion for judgment requiring defendants to file an action of ejectment under Pa. R. C. P. 1061(b) (1).