## Swartley v. Great A. & P. Tea Co., Inc.

*George Willner,* for plaintiff.

*George T. Kelton,* for defendant.

BECKERT, J., October 24, 1974.—Plaintiff (Swartley), being in possession of a certain parcel of land located within Hilltown Township in this county, instituted the instant action to quiet title against defendant, Great Atlantic and Pacific Tea Company, Inc. (A. & P.). By this action, Swartley seeks to have a recorded lease terminated wherein Swartley is the lessor and A. & P. the lessee and, further, to require the A. & P. to execute and deliver a surrender of the lease for the purposes of removing the cloud on the title to Swartley's land.

Swartley avers in his complaint that he is entitled to the above relief as the lease called for construction [by him for A. & P. of certain improvements on his land, but this construction] was rendered impossible because of the regulations of Hilltown Township relative to the on-site sewage disposal system.

To this complaint A. & P. has filed its answer and counterclaim. In its counterclaim, A. & P. seeks specific performance of the recorded lease plus all damages which A. & P. contends it has incurred, as the result of plaintiff's breach of the terms of the lease.

The question of the propriety of defendant's counterclaim is now before us for resolution as plaintiff has filed preliminary objections in the nature of a demurrer or a motion to strike off the counterclaim.

Plaintiff contends that defendant's counterclaim should be stricken as his action is bottomed on Pennsylvania Rule of Civil Procedure 1061(b)(1), which provides:

"The action may be brought (1) to compel an adverse party to commence an action of ejectment."

And, as that is all that plaintiff is seeking, any ques-

tion of right, title or interest in or to the realty is not at issue and, hence, defendant's counterclaim should fall. That is to say, so contends plaintiff, any question of interest that defendant may have in the realty by virtue of the lease can only be determined in the ejectment action to be brought later by defendant.

If, in fact, plaintiff is proceeding under and in accordance with Pa. R. C. P. 1061(b)(1), his position has merit: See Hoffman v. Bozitsko, 198 Pa. Superior Ct. 553 (1962); Cavrak v. Stanich, 56 D. & C. 2d 522 (1972); Thomas v. Venneri, 17 D. & C. 2d 379 (1958). However, it is noted that plaintiff's prayer for relief *does not* seek that defendant be compelled to bring an action of ejectment or to be forever barred from asserting any claim of title, but does seek, as previously noted, that the recorded lease between the parties be declared terminated and that defendant be directed to execute and deliver a surrender of the lease for the purpose of removing the alleged cloud on plaintiff's title.

It, therefore, appears that plaintiff is proceeding not under the auspices of 1061(b)(1) but within the ambit of 1061(b)(3), which latter section contains the following language as pertinent to the matter now before us:

"The action may be brought
". . .
"(3) to compel an adverse party to . . . cancel, surrender or satisfy of record, or admit the . . . invalidity or discharge of, any document, obligation . . . affecting any right, . . . title or interest in land; . . ."

The lease itself does not vest any estate in defendant-lessee but does give to defendant a right of entry: Sheaffer v. Baeringer, 346 Pa. 32, 34 (1943); Dime Bank & Trust Co. of Pittston v. Walsh, 143 Pa. Superior

Ct. 189, 195 (1941). This right certainly does affect the right and interest in plaintiff's land and when, coupled with the recordation of the lease between the parties, would constitute a cloud on plaintiff's title. For these reasons, an appropriate factual situation arises wherein an action to quiet title is the proper procedural remedy. See McDivitt's Pharmacy, Inc. v. Mi-Law of Roosevelt, Inc., 43 D. & C. 2d 456 (1967).

As we have reached the conclusion that plaintiff is not proceeding under Rule 1061(b)(1) but in accordance with Rule 1061(b)(3), we cannot perceive how defendant's counterclaim would subvert the intent of the rules. The assumpsit counterclaim rule, Pa. R. C. P. 1031, has been incorporated into Pa. R. C. P. 1061 (a). While a certain amount of discretion would appear to vest in us to sever the counterclaim, if we found it proved inappropriate and a complicating factor at the time of trial, we cannot determine such to be the case as of now, but, of course, do not foreclose our right to sever at the time of trial in the event such complications arise.

We, therefore, find that as the factual basis for defendant's counterclaim arose from the same transaction and from the same contract-lease from which plaintiff's cause of action arose, the counterclaim should not be stricken and, accordingly, we enter the following

### ORDER

And now, October 24, 1974, the preliminary objections filed by plaintiff are hereby dismissed. Leave is granted to plaintiff to file an answer to defendant's counterclaim within 20 days of the date hereof.