## Grace Building Co., Inc. v.
## Lower Southampton Municipal Authority

*Alfred O. Breinig, Jr.,* for plaintiff.
*C. David Krewson,* for defendant.

BECKERT, J., July 21, 1975.—Grace Building Co., Inc. (plaintiff) commenced an action to quiet title against Lower Southampton, Bucks County, Municipal Authority (defendant) whereby plaintiff seeks to discharge a municipal lien entered against certain premises owned by plaintiff. Defendant has filed preliminary objections contending that the complaint should be dismissed as plaintiff has not complied with the Act of May 16, 1923, P. L. 207, 53 PS §§7101, et seq., and in particular, with sections 14 and 16 thereof, 53 PS §§7182 and 7184, and that this statute is the exclusive remedy to strike off a municipal lien and not an action to quiet title.

It therefore appears that the question before us is whether the existing Rules of Civil Procedure on the subject of an action to quiet title can be construed to be broad enough to cover the striking off of a municipal lien. This, of course, depends upon an analysis of Pa. R.C.P. 1061 and 1455. The former rule, when dealing with the "scope" thereof states:

"(b) The action may be brought

". . .

"(3) to compel an adverse party to . . . cancel . . . or satisfy of record, or admit the validity, invalidity or discharge of, any . . . obligation . . . affecting any right, lien, title or interest in the land . . ."

At first blush, it would appear that plaintiff has stated a cause of action within the ambit of the above. However, as the commentary of Goodrich-Amram §1061(b)-5 has so cogently stated in reviewing the procedural history which led to the promulgation of the quiet title rules, prior to the passage of the rules there were numerous statutes enacted to afford a remedy where no remedy theretofore existed at law for the removal of clouds on title which were not susceptible of adjudication in an action in ejectment.

Removal of such clouds was within the exclusive domain of equity, which acted through a bill quia timet. The statutes passed had the effect of divesting equity of jurisdiction and bestowing upon the moving party a legal remedy. However, if such a statute was not passed, equitable jurisdiction remained viable to assist in the removing of a cloud on title. The quiet title rules, when promulgated, completely stripped equity of jurisdiction and vested in the law side of the court the jurisdiction to adjudicate every kind of dispute which the bill quia timet could formerly adjudicate. Now that this was accomplished, it logically followed that no need existed for the numerous statutes and therefore Rule 1455 suspended *enumerated* statutes to the extent of practice and procedure, but the substantive provisions thereof are still the law: Hoffman v. Bozitsko, 198 Pa. Superior Ct. 553, 182 A.2d 113 (1962); Union National Bank & Trust Company of Souderton v. Johanna Farms, Inc., 20 Bucks 343 (1970); Lannigan v. Bucks County Sheriff et al., 19 Bucks 230 (1969). Therefore, a moving party may proceed under a "suspended statute" in accordance with the quiet title rules but they nevertheless still retain all of the benefits of any auxilliary rights granted in the statutes.

From the above, we can see that an action to quiet title is the proper vehicle when: (1) the action would have previously been initiated by a bill in equity quia timet, or (2) when a specific statute had been passed which gave remedies at law for an area previously within the sphere of a bill in equity quia timet proceedings *and* the statute has been repealed by Pa. R.C.P. 1455.

In the instant case, however, we are faced with a mongrel situation for the above rule does not suspend the Act of May 16, 1923, P. L. 207, supra, and cer-

tainly this type of action was not formerly governed by a bill quia timet in equity.

It is apparent that we have now gone full circle, starting with the proposition that the action is included within the definition clause of Rule 1061 and ending with the thought that Rule 1455 did not suspend the applicable statute. We have found but one case which touches on this problem. In H. E. Clark Interests, Inc. v. Kilgore, 39 Westmoreland 183 (1956), the court made this bold statement:

"It is true that Rule 1061 of the Supreme Court Rules gives to the taxpayer the right to obtain possession of land sold at a judicial or tax sale. We are of the opinion that this does not apply to the case at bar because of the Acts of Assembly we have heretofore related which have not been repealed by this Rule of Court.": page 186.

We agree with the holding in the Clark case and must, therefore, conclude that the Act of May 16, 1923, P. L. 207, supra, was deliberately saved by the Supreme Court from suspension. The procedure for proceeding under this act is relatively simple and clear-cut and will, in our opinion, result in a more prompt determination of the property owner's rights than could be accomplished through an action to quiet title. We know that the procedural rules are, as dictated by Pa. R.C.P. 126, to be liberally construed, but we do not find that it is proper to construe a rule of civil procedure in such a fashion as would make it run contrary to an express statute. See Shapiro v. Magaziner, 418 Pa. 278, 210 A.2d 890 (1965).

We, therefore, sustain defendant's preliminary objection in the nature of a demurrer and, accordingly, enter the following

## ORDER

And now, July 21, 1975, defendant's preliminary objection in the nature of a demurrer is sustained and plaintiff's complaint is dismissed without prejudice to plaintiff to pursue its statutory remedy.