## Seven Springs Farm, Inc. *v.* King (et al., Appellant).

Argued April 18, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Charles N. Thorp, III,* with him *Thorp, Reed & Armstrong,* for appellant.

*Carl E. Fisher,* with him *Wilbert H. Beachy, Jr.,* and *Robinson, Fisher, Long & Rigone,* for appellee.

OPINION BY JACOBS, J., September 22, 1975:

This appeal concerns an action to quiet title to a 32¼ acre tract of unimproved land situated in Westmoreland County, brought by plaintiff-appellee Seven Springs Farm, Inc., against Theopholis and Catherine King, their heirs and assigns,[1] and appellant Winona Wheat. The amended complaint avers that Seven Springs is in possession of the tract in question, that the appellant is out of possession, and that Seven Springs has title to the land by virtue of a conveyance of an adjoining parcel of land, the deed for which conveyance does not describe the subject tract,[2] or , alternatively, by virtue of adverse posses-

---

1. The Kings, their heirs, devisees and assigns were served by publication as the plaintiff was unable to locate them or anyone claiming an interest in the land through them. When no appearance or answer was filed in their behalf, the court entered an order directing them to bring their action in ejectment within 30 days or be forever barred from asserting any interest in the property, pursuant to the Act of March 8, 1889, P.L. 10, §1, *as amended,* 12 P.S. §1543, the Act of March 8, 1889, P.L. 10, §2, 12 P.S. §1544, and Pa. R.C.P. 1061 and 1066. There being no response to this order, judgment was entered against the Kings and those claiming under them.

2. Plaintiff-appellee alleges that the failure to include the 32¼ acres in the deed description of the adjoining parcel was a mistake.

sion.[3] After the pleadings were filed and depositions taken, the lower court entered an order directing the appellant to file her action of ejectment or quiet title within 30 days or be forever barred from asserting any right, lien, title or interest inconsistent with that of the plaintiff. On appeal from this order, appellant asserts that the plaintiff, Seven Springs, has failed to prove actual possession of the disputed tract and therefore is not entitled to the relief available under the Act of March 8, 1889, P.L. 10, §1, *as amended*, 12 P.S. §1543 and Pa. R.C.P. 1061(b) (1).[4] We agree and reverse the order below.

---

3. The amended complaint avers that appellant Winona Wheat claims the land through her parents who purchased it at a tax sale. It further contends that the sale was a nullity but the treasurer's deed to appellant's father constitutes a cloud on plaintiff's title.

4. Pa.R.C.P. 1061 defines the scope of the action to quiet title. Section (b) (1) of that Rule provides: "(b) The action may be brought (1) to compel an adverse party to commence an action of ejectment." Pa.R.C.P. 1066(b) (1) provides for the form of the order to be granted in such a case as follows: "(b) Upon granting relief to the plaintiff, the court (1) shall order that the defendant be forever barred from asserting any right, lien, title or interest in the land inconsistent with the interest or claim of the plaintiff set forth in his complaint, unless the defendant takes such action as the order directs within thirty (30) days thereafter. If such action is not taken within the 30-day period, the prothonotary on praecipe of the plaintiff shall enter final judgment." Initially, it would appear that the order compelling a defendant to bring an action of ejectment would be interlocutory and unappealable until the defendant allowed the 30-day period to lapse and the plaintiff caused final judgment to be entered. However, a review of prior decisions of the appellate courts convinces us that the present order is a final judgment from which appeal lies.

Under the Act of March 8, 1889, P.L. 10, §1, *as amended*, 12 P.S. §1543, which was suspended only as to practice and procedure by the Rules of Civil Procedure, Pa.R.C.P. 1455, and superseded in that respect by Pa.R.C.P. 1061-66, a rule could be granted, upon application of the person in possession of disputed land, against the party not in possession who claimed an interest therein, to bring an action of ejectment or show cause why the same could

Under the Act of March 8, 1889, a possessor of land is entitled to bring an action against one who, although not in possession, has some claim or interest in the land, compelling that person to assert his interest by bringing his own action of ejectment. The provisions of this Act were suspended as to practice and procedure by Pa. R.C.P. 1455 and superseded in that respect by Pa. R.C.P. 1061-66. The substantive requirements of the Act, however, continue to remain in force. *Hoffman v. Bozitsko*, 198 Pa. Superior Ct. 553, 182 A.2d 113 (1962). Thus it is still necessary, in order to prevail under the Act of March 8, 1889, for the plaintiff to prove that it is in possession, that the defendant is out of possession, and that there is a dispute as to the title of the land in question. *Hemphill v. Ralston*, 278 Pa. 432, 123 A. 459 (1924); *Clark v. Clark*, 255 Pa. 574, 100 A. 457 (1917); *Hoffman v. Bozitsko*, supra; 13 *Standard Pennsylvania Practice* 566-70 (1957).[5] If the plaintiff can establish these three elements, the court can grant relief under

not be brought. If the respondent failed to answer or show sufficient cause on the return date of the rule, the rule would be made absolute. The rule absolute has been held to be a final judgment from which appeal lies. *Notley's Petition*, 263 Pa. 377, 106 A. 716 (1919); *In re Foster's Petition*, 243 Pa. 92, 89 A. 819 (1914); *West v. Hanna*, 57 Pa. Superior Ct. 445 (1914); *New Jersey Federation of Young Men's & Young Women's Hebrew Ass'ns v. Hoffman*, 26 F. Supp. 556 (M.D. Pa. 1939). Since the order provided under Pa.R.C.P. 1066(b)(1) is substantively identical to the rule absolute under the Act of March 8, 1889, we see no reason to redefine its status as interlocutory or demand a judgment on the merits of the question of title before allowing an appeal. Since the substantive rights of the parties as to the title are not decided in the proceedings under the Act of March 8, 1889 and Pa.R.C.P. 1061 (b) (1), and the issue is merely who is in possession for purposes of bringing an action in ejectment, the order of the court is a final order, as to those proceedings, from which appeal lies.

5. *See In re Foster's Petition*, 243 Pa. 92, 89 A. 819 (1914), for a review of the legal requirements and the procedure under the Act of March 8, 1889, before the Rules of Civil Procedure.

Pa. R.C.P. 1061(b)(1) by ordering the defendant to commence an action of ejectment within 30 days from the date of the order or be forever barred from asserting any right, lien, title or interest in the land inconsistent with the interest of the plaintiff as set forth in the complaint. Pa. R.C.P. 1066. The merits of the dispute, the title and right to possession, are not determined in an action brought under these rules. *Notley's Petition,* 263 Pa. 377, 106 A. 716 (1919); *Clark v. Clark,* supra; *Hoffman v. Bozitsko,* supra. The issue to be decided is simply whether or not either of the parties claiming an interest in the land was in actual possession at the filing of the complaint. *Girard Trust Co. v. Dixon,* 335 Pa. 253, 6 A.2d 813 (1939); *Spangler v. Trogler,* 228 Pa. 217, 77 A. 495 (1910). Because the appellant admitted in her answer that neither she nor her predecessors in title had ever been in possession, we need only decide whether the actions of plaintiff-appellee, Seven Springs Farm, in regard to the subject tract were sufficient to constitute actual possession.

Herman Dupre, president of plaintiff, testified that Seven Springs was incorporated in 1959 by his mother, Helen Dupre, who transferred all her real property to the corporation. He stated that the family and the corporation always used the 32¼ acre tract as if it belonged to them. In the past, he testified, the use involved pasturing cattle and raising grain on the tract. However, at the time the complaint was instituted, the land was no longer cultivated and the barbed-wire fence that had been put up along one side of the property had gone unmaintained for 14 years and was in a bad state of disrepair with many openings in it. Currently, plaintiff's resort guests use the land for hunting and fishing, a portion of a one acre pond constructed on plaintiff's adjoining property covers a small fraction of the disputed tract, and plaintiff from time to time will remove occasional trees and surface rock for its own use.

None of these acts constitute actual possession of the land at the time the complaint was filed. A fence, in order to support a claim of possession of the property it encloses, must be substantial. One which shows the neglect of 14 years, overgrown and with numerous gaps, merely demonstrates abandonment, not possession. *See Dimura v. Williams,* 446 Pa. 316, 286 A.2d 370 (1972). Furthermore, the fence upon which Seven Springs relies did not enclose the property. The testimony of plaintiff's president seemed to indicate that the fence simply ran along a road bordering the property.[6] In order to demonstrate possession of a parcel of land by means of a fence, it would be expected that the fence would define and enclose the acreage to which possession is asserted. *See Camp Chicopee v. Eden,* 303 Pa. 150, 154 A. 305 (1931) ; *Welsh v. Clough,* 216 Pa. 276, 65 A. 677 (1907).

Other acts upon which plaintiff seeks to establish its possession of the land include the cutting and taking of timber and removing of stone.[7] Taking timber from unenclosed woodland, and even constructing roads to facilitate its removal, does not constitute actual possession.

---

6. Herman Dupre, plaintiff's president, testified that "on three sides of this property there are no fences or no marks," that "the fence runs along this road and also takes in some other properties," and "it come up along this road, then it went up over the hill; it's a barbed wire fence and comes over and back here somewhere up the mountain (indicating)." No map or more detailed description is in the record. We cannot conclude that the record in its present state supports plaintiff's contention that the property, or even a portion thereof, was enclosed in a fence.

7. In his deposition Mr. Dupre refers to "quarrying" stone and states: "there's a stone quarry in here where we have quarried stone out for years, it's surface stone, which is back in here . . . we go in . . . every other year or so we're in here." "[T]he quarry, this is surface stone, it's not a mined operation." From these statements we conclude the plaintiff has merely been removing surface stone from a particular locale on occasion, not conducting a full-fledged quarrying operation.

*Henry v. Huff,* 143 Pa. 548, 22 A. 1046 (1891) ; *Wickham v. Sutton,* 33 Pa. Superior Ct. 368, *allocatur refused,* 34 Pa. Superior Ct. *xxxiii* (1907). Where the land is not cultivated, or permanent improvements erected thereon, occasional removal of timber and surface stone only amounts to repeated acts of trespass, insufficient to show possession. *Lackawanna Lumber Co. v. Kelley,* 221 Pa. 238, 70 A. 724 (1908).[8]

Finally, plaintiff asserts that its resort guests have been using the land for recreational purposes : hunting, fishing and picnicking. Ordinarily, use of land for recreational purposes, such as hunting and fishing, does not show actual possession. *Camp Chicopee v. Eden,* supra; *Matthews v. Bagnik,* 157 Pa. Superior Ct. 115, 41 A.2d 875 (1945). Where the recreational use is extensive and apparent, as where systematically conducted for commercial purposes, it can be sufficient to show possession.

---

8. *But see Spangler v. Trogler,* 228 Pa. 217, 77 A. 495 (1910), where actual possession of an unenclosed and unimproved woodland tract was found. The Court held that where the party seeking to show possession had cleared and cultivated a part of the disputed tract, and used the remainder "as woodland is ordinarily used [,] this is not a constructive, but an actual possession of the woodland. . . ." *Id.* at 227, 77 A. at 499. In *Ament's Executor v. Wolf,* 33 Pa. 334, 336-37 (1859), the Court defined actual possession as it is required to establish adverse possession: "when the courts define what kind of actual possession is necessary to oust the constructive possession of the owner, they are defining, not a fiction, but a fact—an actual, visible, and tangible possession. Nothing short of such a possession shall oust the imaginary possession which the law imputes to the absent owner." It is our opinion that the same degree of actual possession is required to bring an action under the Act of March 8, 1889.

In the present case, of course, Seven Springs has not shown sufficient evidence of actual possession, such as clearing and cultivation of any portion of the contested tract. Thus the use of the woodland is not consistent with actual possession, and cannot be cited as the grounds on which to bring an action under the Act of March 8, 1889.

*Miller v. Lutheran Conference & Camp Ass'n*, 331 Pa. 241, 200 A. 646 (1938).[9] However, hunting and fishing parties, or groups of picnickers on a largely wooded tract of considerable size, do not represent the extensive, systematic use which would provide an exception to the general rule. Even though the recreational use in the present case was in furtherance of plaintiff's business, it would not be apparent from an inspection of the land that such activity was in progress. If such an invisible use were enough to establish actual possession, no owner of uninhabited wild lands would be safe from the encroachment of strangers against his claim to his property. *Cf. Dougherty v. Welshans*, 233 Pa. 121, 81 A. 997 (1911).; *Brewer v. Curtis*, 130 Pa. Superior Ct. 270, 197 A. 780 (1938). We are compelled to hold that the insubstantial use currently made by the plaintiff of the subject land does not constitute possession of the tract, and is not sufficient to support an action under the Act of March 8, 1889 and Pa. R.C.P. 1061(b) (1).

Order reversed.

HOFFMAN, J., concurs in the result.

---

9. In *Miller v. Lutheran Conference & Camp Ass'n*, 331 Pa. 241, 200 A. 646 (1938), possession of a lake was shown by the granting of bathing privileges to individuals and groups, the erecting of boat and bathhouses which extended into the water, the fencing off of portions of the lake, and the continuation of a successful business operation involving these uses.